JOHN G. ARTHUR, Respondent, v. THE HOMESTEAD FIRE INSURANCE COMPANY, Appellant.

Defendant issued to plaintiff a policy of fire insurance by which the statements in the application were made warranties; the application contained a statement as to the amount of incumbrances, omitting a mortgage of $2,400. In an action upon the policy defendant's answer set up the omission as a breach of the warranty, and it was proved upon the trial. Plaintiff offered to show that defendant's agent, who made out the application, was informed of the mortgage and by mistake omitted it. The court excluded the evidence, but offered to allow plaintiff to amend his complaint, setting up the mistake. Plaintiff did not accept the offer and so was nonsuited. The policy also contained a condition to the effect that no suits upon it should be sustained unless commenced within a year after the claim accrued. This action was commenced after the expiration of the year to reform the policy and to recover the amount of loss. *Held,* that the condition was fatal to a recovery; and that plaintiff was not relieved from its effect by the former suit. Also, that the condition was not waived or an excuse given plaintiff for a non-compliance therewith by an acceptance of the costs in the former action, or by a stipulation therein by defendant's counsel extending the time for plaintiff to make a case or exceptions, or by reason of the fact that said counsel on the trial of the former action insisted that defendant's remedy was in equity, not at law.

*It seems,* that the evidence of mistake was proper in the former action in reply to the claim of breach of warranty.

A defense made by way of new matter not constituting a counter-claim, is deemed controverted; and plaintiff, without pleading, may traverse or avoid it, and is entitled to the benefit of every possible answer to it the same as if pleaded; for that purpose evidence, admissible under the principles of either law or equity, takes the place of pleading.

It is not within the scope of the authority of an attorney in an action to

change the rights of his client, except so far as it may be done in the action; he cannot justify the commencement of another action, or create a cause of action against his client which did not before exist.

*Woodbury Sav. Bank* v. *C. O. F. and M. Ins. Co.* (31 Conn., 517); *Hay* v. *Star Ins. Co.* (13 Hun, 496; S. C., 77 N. Y., 235), distinguished.

(Argued October 2, 1879; decided November 11, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as assignee of Morris E. Arthur, for the reformation of a contract of insurance made between said Morris and the defendant on the 8th of December, 1875, and for the recovery thereon as reformed of a loss of $1,200, happening the 8th of March, 1876.

The policy and the application for insurance were executed and delivered on the same occasion. The statements in the application were by the terms of the policy made warranties on the part of the assured. The application in answer to the question "how much is it incumbered?" stated $1,600; the fact was, that at that time the property was incumbered an additional amount of $2,400. It appears that Mr. Perry, the agent of defendant, who had authority to and did deliver the policy on receiving the application, knew, at the time, of the existence of this additional incumbrance, that he was informed of it by the assured, or the person who acted in his behalf, that after such knowledge or information he himself filled up the application and handed it to the applicant, who, without reading it over or hearing it read, signed it in ignorance of the erroneous statement, and immediately delivered it to the agent.

In August, 1876, plaintiff commenced an action at law on this policy to recover the loss, to which the defendant, among other things, answered that, by reason of the false statement in the application as to the incumbrance above referred to, the policy was void. On the trial of that action

the plaintiff proved the policy and the loss and the furnishing of proofs thereof and rested. The defendant then proved the application, and that the incumbrances instead of being $1,600, as stated in the application, were $2,400 additional; the plaintiff then offered to prove that the agent was informed at the time of the additional incumbrance, and by mistake did not insert it in the application. This was objected to by defendant on the grounds, among others, that the proffered evidence would change the written contract, and that as the action on trial was a law action, the contract could not be then reformed, that the action was not in equity to reform, and that issue they had not been called upon and were not prepared to meet. This objection the court sustained and excluded the evidence, but stated that he should allow the pleadings to be amended, setting up material mistake, and that if the defendant claimed they were not ready to go to trial upon the amended pleadings the case would go over. The defendants then claimed they were not then prepared to try the proposed new issue, and moved that the plaintiff be nonsuited. The plaintiff did not accept the suggestion of the court as to amending the pleadings, and, thereupon, the motion of defendant for a nonsuit was granted. The plaintiff had time to make a case and exceptions, which, by stipulation of defendants, was extended to April 10, 1877. None were made, and no judgment entered; but on the 16th of June, 1877, the costs were paid by plaintiff by off-setting so much of a claim against the defendant not disputed, defendant paying the balance. The present one was commenced October 12, 1877.

The policy contained the following condition: "No suit or action against this company for the recovery of any claim under or by virtue of this policy, shall be sustained in any court of law or equity, unless commenced within the term of one year next after any claim shall accrue; and in case such suit or action shall be commenced against the company after the end of one year next after, such loss or damage shall have accrued, the lapse of time shall be taken and

admitted as conclusive evidence against the validity of the claim, thereby attempted to be enforced, any statute of limitation to the contrary notwithstanding."

The proofs of loss were delivered to the defendant on 8th May, 1876. By the terms of the policy a loss was payable sixty days after delivery of proofs.

Further facts appear in the opinion.

*F. W. Hubbard*, for appellant. A limitation clause like the one in the policy in suit is valid. (30 N. Y., 136, 546; 39 id., 46; 9 Hun, 399.) The action not having been brought within a year after the claim or right of action accrued was barred. (*Mayor, etc.*, v. *Ham. F. Ins. Co.*, 39 N. Y., 45; *Maher* v. *Hib. Ins. Co.*, 67 id., 293.)

*Edwin H. Risley*, for respondent. The agent's knowledge of the existence of the mortgage at the time he issued and delivered the policy is knowledge on the part of the company, and it must be presumed to have intended to waive the condition of the policy in that regard. (*Van Schaick* v. *Niag. F. Ins. Co.*, 68 N. Y., 434; *Mead* v. *West. Ins. Co.*, 64 id., 453.) The former action was not a bar to this. (*Andesbon* v. *Excelsior Ins. Co.*, 27 N. Y., 216; *Wheeler* v. *Ruckman*, 51 id., 391.) The limitation by contract contained in the policy, that no action should be maintained unless brought within one year from the time the loss accrues, is inoperative in this case. (*Curtis* v. *Howe Ins. Co.*, 1 Biss., 485; *Ripley* v. *Lexington Ins. Co.*, 17 How., 444; *Grant* v. *Lexington Ins. Co.*, 5 Ind., 22; *Mickey* v. *Burlington Ins. Co.*, 35 Iowa, 174; *Ames* v. *N. Y. Ins. Co.*, 14 N. Y., 253; *Mayor* v. *H. Ins. Co.*, 39 id., 45, 46.) The nonsuit in the former action alone, under the circumstances of the case, as found by the court, was a waiver of strict compliance. (*Madison Ins. Co.* v. *Fellows*, 1 Disney, 217; S. C., 2 id., 128; Wood on Ins., § 441; *Peoria F. and M. Ins. Co.* v. *Hall*, 12 Mich., 202; *A. H. King* v. *People*, 5 Hun, 297.) The time when the limitation began to run was July 8, 1876.

(*Mayor* v. *Home F. Ins. Co.*, 39 N. Y., 45; *Mix* v. *Andes Ins. Co.*, 9 Hun, 397.)   The action did not therefore accrue until the judgment reforming the contract was pronounced. (*Hay* v. *Star F. Ins. Co.*, 13 Hun, 496; *A. H. King* v. *People*, 5 id., 297.)   An action can be maintained to reform an instrument, and at the same time to recover upon it as reformed.   (*Bidwell* v. *Astor M. Ins. Co.*, 16 N. Y., 267; *Welles* v. *Yates*, 44 id., 531; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 31 Conn., 517.)   An action to reform the contract was not only necessary in this action, under the circumstances, but was proper, irrespective of the former decision.   (*Maher* v. *Hib. Ins. Co.*, 67 N. Y., 283; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136; *Rohrback* v. *Germ. F. Ins. Co.*, 62 id., 47; *Alexander* v. *Germ. Ins. Co.*, 66 id., 462; *Foot* v. *Ætna L. Ins. Co. of H.*, 61 id., 571.)

DANFORTH, J.   The complaint states two causes of action ; one for loss by fire, of property insured by the defendant, the other for reformation of the application, upon the faith of which the policy issued.   The policy provides that no action shall be sustained against the company under or by virtue of it, unless commenced within one year next after any claim shall accrue, and the omission to comply with its terms, is, I think, a conclusive answer to the complaint. That such condition is valid cannot now be questioned. (*Ripley* v. *Ætna Ins Co.*, 30 N. Y., 136.)

The loss occurred on the 8th of March, 1876, proofs of loss were duly served on the 8th of May, and as by the terms of the policy the amount thereof became payable in sixty days thereafter, the claim accrued on the 8th of July, 1876.   The action was not commenced within a year thereafter, and the case is thus brought directly within the terms of the condition.   Nothing occurred during the progress of the former suit to relieve the party from its effect.   That was an action on the policy upon the grounds stated in the first cause of action herein.   In it the plaintiff might have had all the relief which he now seeks, and with or without

the amendment, which the court gave him leave to make, he would have been entitled to recover, if the facts had been then established as they are now found to be. (*Emory* v. *Pease*, 20 N. Y., 62; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y., 357.) It is claimed that equitable relief is sought in this case ; if necessary it could have been had in that. To the objection made by the defendant in its answer, and proved upon the trial that the incumbrances on the property insured exceeded the amount stated in the application, the plaintiff could very properly have replied by proving the facts set up in the second cause of action in this case. In doing so he would not have gone beyond the provisions of the Code (§ 168 of the Old ; § 522 of the New), by which the new matter is deemed controverted, and the plaintiff without pleading, permitted to traverse or avoid it as the case may require. Nor would he have invoked new doctrine ; for the rule has, since the union of legal and equitable remedies in one system, and their application by one court been repeatedly applied, and declared to be so broad that it secures to the plaintiff the benefit of every possible answer to the defense made by way of new matter, not constituting a counter-claim as fully as though it were alleged in the most perfect manner. For that purpose, evidence admissible under the principles of either law or equity, takes the place of pleading. (*Dobson* v. *Pearce*, 12 N. Y., 156 ; *Phillips* v. *Gorham*, 17 id., 270.)

I have not adverted to the former suit as being a bar to this, or in any way preventing the bringing of another, but to show that the present one was unnecessary so far as the enforcement of any legal or equitable right of the plaintiff is concerned. Nor do I think that the conduct of the defendant therein gives any new life to the plaintiff's cause of action. Doubtless the condition might be extended or waived by such acts of the insurer, as hindered or prevented the action, or induced the insured to suppose that a strict compliance therewith would not be insisted upon, but in such a case he must have acted in good faith, and been actually misled. (*Ripley* v.

*Ætna Ins. Co.*, 30 N. Y., 136.) The plaintiff insists that this
was the result of the defendant's conduct in the former suit.
But so far from deluding the defendant with false hopes, it
would seem to indicate on its part, a determination to
resist payment, and yield no grace or favor. Its agents,
as we learn from the opinion of the court below, as early
as the 8th of May, 1876, notified the plaintiff that by
reason of the misstatement in the application the defendant
was "let out," "that the policy was void, and the plaintiff
had no legal claim against it." The objection was insisted
upon by answer, and relied upon at the trial. It is true the
defendant's counsel objected to evidence which it seems
should have been received, and that the court sustained the
objection, but at the same time gave leave so to amend the
pleadings as to make the evidence admissible. The favor of
the court was rejected, and the plaintiff's counsel, insisting
that he was right, obtained time to make a case upon which
to review the ruling. I am unable to perceive in any of
these matters, in the action of the court or counsel, anything
soever, to prevent the defendant insisting upon the condition,
nor that its doing so is any impeachment of its good faith.
That the plaintiff's counsel failed to proceed in that action,
and paying costs thereof abandoned it, cannot tend to the
advantage of the plaintiff or confer a new right against his
adversary. As the commencement of that action does not
bring the present within the limitation, neither does its
failure extend the time. (*Riddlesbarger* v. *Hartford Ins.
Co.*, 7 Wall., 386.) The cases cited by the learned counsel
for the respondent are abundant to show that waiver may be
implied from slight circumstances but none afford any sup-
port to the position that a successful defense of one action
estops a party from insisting that a second cannot be main-
tained because commenced too late. Nor does the accept-
ance of costs given to indemnify a successful litigant for the
false clamor of his adversary furnish to the latter any con-
sideration or excuse for non-compliance with a contract
stipulation.

The plaintiff also relies upon the fact that the defendant's counsel extended the time within which the plaintiff might prepare his case, or bill of exceptions in the first action. There is no connection between the two events, nor was one the inducement of the other. An attorney may mitigate the rigor of practice in one suit without creating a new cause of action against his client.

It is further urged that the defendant should be estopped from asserting that the plaintiff had a remedy at law, so far at least as it effects the limitation of the time of commencing the action, because the defendant's counsel upon the trial of the first action insisted that the remedy of the plaintiff was in equity, and not at law. What the defendant's counsel did upon the former trial, and in the progress of it is binding upon his client so far as that action and its consequences are concerned, but no farther. It was not within the scope of his authority to change the rights of his client except so far as it might be done in that action; and by putting an end to that, he did not justify the commencement of another, nor could he create a cause of action which did not before exist. But although the court entertained the objection, the trial judge gave leave to amend. Instead of doing so the plaintiff elected to discontinue; this was not the fault of the defendant, yet it was still in the plaintiff's power to commence a new action before the expiration of the year; he did not do so, and for his omission the defendant is in no respect to blame.

The second cause of action, although in form for the reformation of the application is in fact to get rid of a defense interposed by the defendant, and so far, and for that purpose is unnecessary. Nor would the contract of insurance be other or different when the application is corrected, than it was before. (*Maher* v. *Hibernian Ins. Co.*, 67 N. Y., 283.) The cases cited by the learned counsel for the respondent lead to no other result, for they are inapplicable to the case in hand. *Woodbury Savings Bank* v. *Charter Oak F. and M. Ins. Co.* (31 Conn., 517), was a suit in equity. An

action at law had been commenced upon the policy issued by the defendant within the time limited, and it was held that the suit in equity, although commenced afterwards was not barred, because it was in aid of the other. In Connecticut the distinction between the systems of law and equity, is still preserved, and the latter was alone competent to the relief sought. In *Hay* v. *Star Ins. Co.* (13 Hun, 496), affirmed in this court,[*] the policy contained a contract different from the one bargained for, and had been fraudulently issued in its place. The plaintiff held nothing upon which he could maintain an action, and the object was to compel the defendant to give a policy according to its agreement, or in the language of the opinion in that case, it "was as though no policy had been issued, and the action was for the specific performance of the agreement to insure." In the case before us the plaintiff holds a policy perfect in all its stipulations, and according with the agreement of the parties. The difficulty is that the defendant seeks to avail itself of a defense caused by the act or omission of its agent, but it is one which the plaintiff could have avoided in the former action. This action was not necessary and was commenced too late. I can discover no ground on which the plaintiff can stand against this appeal.

The judgment of the General and Special Terms should therefore be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.

[*] 77 N. Y., 235.