### ROGERS v. HOME INS. CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. May 25, 1899.)

#### No. 146.

INSURANCE—ACTION ON POLICY—LIMITATION OF TIME WITHIN WHICH ACTION MAY BE BROUGHT.

A provision of an insurance policy that "all claims under this policy shall be void, unless prosecuted by suit at law within twelve months from the date of the loss," is satisfied by the bringing of a suit on the policy in good faith within the 12 months, although such suit is dismissed, on an objection of defendant, on the ground of misjoinder, and a new suit, which is practically a continuation of the first, may be maintained, though brought after the expiration of the 12 months.[1]

Appeal from the District Court of the United States for the Southern District of New York.

Le Roy S. Gove, for appellant.

Nelson Zabriskie, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This action is founded upon a policy identical in terms with that considered in the case of Rogers v. Ætna Ins. Co., 95 Fed. 103, and was brought to recover for the same loss. The facts are the same in both cases, except in respect to the time of bringing the action, and the defenses are the same. In the action brought by libelant against the Ætna Insurance Company, the Home Insurance Company was made a co-defendant. October 28, 1893, both companies interposed the objection of an improper joinder of parties defendant. Thereupon the libelant elected to proceed in that action against the Ætna Insurance Company, and in November, 1893, brought the present action against the Home Insurance Company. The case thus presents the question whether, an action having been brought by the assured against the insurance company within 12 months from the date of the loss according to our construction of the meaning of the policy, the condition of the policy reading, "all claims under this policy shall be void, unless prosecuted by suit at law within twelve months from the date of the loss," defeats the present action. The condition differs from those in the adjudged cases cited for the appellant, where it was held that the bringing of an action within the year, which failed, did not satisfy

[1] For conditions as to time of bringing action, see note to Steel v. Insurance Co., 2 C. C. A. 473.

the contract. In Riddlesbarger v. Insurance Co., 7 Wall. 386, the condition read "that no suit or action of any kind against said company for the recovery of any claim, under, upon, or by virtue of the said policy shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of twelve months next after the loss or damage has occurred; and, in case any suit or action shall be commenced against said company after the expiration of twelve months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced." In Arthur v. Insurance Co., 78 N. Y. 462, the condition was expressed in the same terms. There is a material difference between a condition providing that no suit or action against the company for the recovery of any claim under the policy shall be sustainable, unless commenced within 12 months, and one providing that "all claims under this policy shall be void, unless prosecuted by suit at law within a year." The former reaches the particular action brought upon the claim. Wilson v. Insurance Co., 27 Vt. 99. Unless it is commenced within the year, the imperative terms of the contract prevent a recovery, and it is wholly immaterial that the claim may have been sued upon previously. The latter reaches the claim, but not necessarily the action which has not been prosecuted within the year. It declares the claims void that have not been prosecuted within the year, but touches no other claims. As it does not refer to the time within which the action must be brought, if the claim is not void, the time would seem to be immaterial. If the claim upon which it is brought has been prosecuted within the year, its terms are literally satisfied. Any ambiguity in the condition is to be resolved against the company, and it should receive the interpretation most favorable to the assured. First Nat. Bank of Kansas City v. Hartford Fire Ins. Co., 95 U. S. 673. The purpose of conditions like that in the present case would seem to be to require the assured to give the insurance company an opportunity to contest the claim while it is fresh, and before the evidence may have become lost or impaired. That opportunity was afforded to the company here; but it preferred not to avail itself of it. In substance, the present action is a mere continuation of the former. We agree with the court below that the condition is "satisfied by the commencement and prosecution of a suit in good faith against the company" within the designated period. The decree is affirmed, with costs.

LACOMBE, Circuit Judge, concurs.