(93 App. Div. 102.)

## PATTAT v. PATTAT et al.

(Supreme Court, Appellate Division, Fourth Department. March 15, 1904.)

1. CONTRACT TO WILL PROPERTY—SUFFICIENCY OF EVIDENCE.

Evidence in an action to partition land *held* insufficient to support a finding of a parol agreement, partly performed, of deceased, to will his property to one of defendants.

2. STATUTE OF FRAUDS—PLEADING.

That the statute of frauds may be availed of in an action for partition against a defendant, who sets up a contract under which he claims all the property, it need not be set up by reply.

Appeal from Judgment on Report of Referee.

Action by Eugene Pattat against John J. Pattat and others for partition. From a judgment on report of a referee in favor of defendant John J. Pattat, Jacob Pattat and others appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Willard A. Rill, for appellants.
Irving G. Hubbs, for respondent.

STOVER, J. Appeal from judgment entered on report of referee after trial of issues. The action is for partition of real estate, which is claimed by the parties as heirs of Joseph Pattat. The answer of defendant John J. Pattat sets up an agreement with Joseph Pattat in his lifetime by which Joseph agreed to will him all of his property if he, John J., would live with him and carry on the farm of said Joseph until the death of Joseph; that he, John J., performed the agreement on his part, and that said Joseph did execute a paper which was not admitted to probate; and asks a decree of specific performance against the other defendants.

The issues thus raised were tried by a referee, who found for the defendant John J. Pattat, and that he was entitled to all of the property which Joseph Pattat owned at the time of his death, and judgment was entered accordingly. The contract under which it is sought to take the entire propery of Joseph Pattat rests entirely in parol, and the witnesses by which it is said to be established are the father of John J., his mother, and his aunt. The property described in the complaint consists of four parcels of land. The testimony of the witnesses is not uniform as to the language used by Joseph at the time the alleged agreement was made. The father says that Joseph said that he would give him this property, the other says he said he would give him all he had, and the aunt says he said he would give him all he had, and nothing was said about a will. The agreement

was alleged to have been made in September, 1898. Joseph Pattat died November, 1901.

In 1900 John J. married, and his father testifies that at that time John J. said he was going away, and Joseph then told him he would give him a deed of the little red house (a house near Joseph's residence) if he, John J., would stay, and John J. said he would stay.

In the recent case of Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, the court, speaking of a case similar to this, used this language:

"Contracts of the character in question have become so frequent in recent years as to cause alarm, and the courts have grown conservative as to the nature of the evidence required to establish them. * * * Such contracts are easily fabricated and hard to disprove, because the sole contracting party on one side is always dead when the question arises."

And again:

"Such contracts are dangerous. They threaten the security of estates, and throw doubt upon the power of a man to do what he wills with his own. The savings of a lifetime may be taken away from his heirs by the testimony of witnesses who speak under the strongest bias and the greatest temptation, with all the dangers which, as experience shows, surround the evidence. The truth may be in them, but it is against sound policy to accept their statements as true, under the circumstances and with the results pointed out. Such contracts should be in writing, and the writing should be produced, or, if ever based upon parol evidence, it should be given or corroborated in all substantial particulars by disinterested witnesses. Unless they are established clearly by satisfactory proofs and are equitable, specific performance should not be decreed. We wish to be emphatic upon the subject, for we are impressed with the danger, and aim to protect the community from the spoliation of dead men's estates by proof of such contracts through parol evidence given by interested witnesses."

Claims of this character were formerly looked upon with disfavor, and the rule as above laid down, namely, that they must be clearly established by proof, and must be equitable, before a court of equity would enforce them, was rigidly adhered to, and it would seem that through an enlargement of precedents or a tendency to rely upon parol testimony the rule was relaxed. The culmination, however, seems to have been reached in the Winne Case, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647, in which a finding of fact based partially upon the idea that there were no children to be disinherited and no will to indicate what disposition the deceased intended was invoked to sustain a contract of this kind. But this case, in the light of the later adjudications in Mahaney v. Carr, 175 N. Y. 454, 67 N. E. 903, and Hamlin v. Stevens, above quoted from, can no longer be considered an authority. And the Court of Appeals in the Winne Case limits its decision to the particular case, being bound by the finding of fact.

As said in Mahaney v. Carr, 175 N. Y. 454, 67 N. E. 903, "precedents, in order to be of any value, must be based upon some principle," and it will be found profitable to consider the context in this connection. What, then, are the requisites in cases of this kind? The terms of the contract must be definite and certain, it must have the essentials of a contract, must be clearly established, and must be fair and equitable. Measured by these rules, we think the contract sought to be enforced must fail.

An examination of the entire evidence satisfies us that it is subject to nearly, if not quite, all of the objections urged in Hamlin v. Stevens and Mahaney v. Carr. It is not established by the clear, disinterested testimony requisite to warrant a court of equity to enforce it. There is much force in the contention that the contract is uncertain and lacks mutuality. The contract was void under the statute of frauds. Part performance alone is not sufficient to take every case out of the statute. There must be such a condition that it would be inequitable to refuse specific performance, but when the rendition of services is the only performance relied on it cannot be said that it is inequitable to refuse the decree, since the value of the service can ordinarily be estimated. There must be some further consideration rendering it impossible to estimate fair compensation. Nor was the plaintiff precluded by the failure to set up the statute by reply. No reply was necessary, and the defendant, by answer setting up his contract as a valid one, was bound to defend it against any objection that might be made. The judgment should be reversed in so far as it adjudicates that John J. Pattat was the owner of the portion of the real estate owned by Joseph Pattat in his lifetime, and adjudging that the said real estate was not disposed of by said Joseph in his lifetime, but descended to his legal heirs, and directing partition thereof to be made accordingly as the interests of such heirs may have been established.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law and of fact. All concur, except HISCOCK, J., not voting.