JESSIE E. HANLY, an Infant, by CHARLES R. WATKINS, her Guardian ad Litem, Appellant, *v.* JULIA A. HANLY and HENRY P. STILLWELL, as Administrators, etc., of SAMUEL L. HANLY, Deceased, Impleaded with JAMES HANLY and Others, Respondents.

*Contract by the owner of property to leave it to a designated individual on his death
—proof required in support thereof.*

In order to authorize the enforcement against the estate of a decedent of an alleged parol agreement whereby the decedent promised to leave all his property to the claimant, such agreement must be clearly established by the testimony of disinterested witnesses, and it must be shown that such agreement possessed all the essentials of a contract; that it was fair and equitable, and that the terms thereof were definite and certain.

APPEAL by the plaintiff, Jessie E. Hanly, an infant, by Charles R. Watkins, her guardian ad litem, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Schuyler on the 1st day of November, 1904, upon the decision of the court, rendered after a trial at the Schuyler Special Term, dismissing the complaint upon the merits.

*Reynolds, Stanchfield & Collin,* for the appellant.

*Owen Cassidy* and *C. M. Woodward,* for the respondent James Hanly.

*O. P. Hurd,* for the respondents Reuben Hanly and others.

Judgment unanimously affirmed, with costs, on the opinion of LYON, J., at Special Term.

The following is the opinion of LYON, J., handed down at Special Term :

LYON, J.:

The law applicable to a case of this nature must be deemed settled.

Proof of a parol agreement that the decedent promised to leave all his property to the plaintiff, must furnish all the essentials of a contract; must show that the agreement is fair and equitable, and the terms thereof definite and certain, and the agreement must be clearly established by the testimony of disinterested witnesses. (*Pattat* v. *Pattat,* 93 App. Div. 102; *Hamlin* v. *Stevens,* 177 N. Y. 39; *Gall* v. *Gall,* 64 Hun, 600; affd., 138 N. Y. 675.)

Judged by this standard the proofs in the case at bar cannot be said to come up to the requirements of the law.

The only testimony as to the making of the agreement is that of Julia A. Hanly, the widow of Samuel L. Hanly, an aunt of the plaintiff's mother, and Smith Soule, the father of the plaintiff. Both are interested witnesses. Each is bound to the plaintiff by close ties of relationship and affection. In the event of success the former expects to receive the life use of the real and personal property of the estate. The latter is the heir at law of the infant plaintiff.

The testimony of these two interested witnesses as to the making of the alleged contract is uncorroborated. Concededly, if made, it was wholly verbal. Although nearly eighteen years passed from the time of taking the six weeks' old plaintiff to the house of Samuel L. Hanly and the making of the alleged agreement, not a relative, neighbor or other witness is produced to whom the decedent stated or even intimated the existence of any such agreement. No writing of any character confirms the claims of the plaintiff. The deceased did not see fit by legal adoption or by will to make the plaintiff his heir or legatee.

As bearing upon the probability of the making of such agree-

ment, it is apparent from a careful reading of the testimony that each of the two witnesses is giving no more than what he or she claims to be the substance of the talk had at the house of the decedent eighteen years ago, as he or she now recalls it. The evidence upon the part of the plaintiff shows that the promise of Samuel Hanly to take the child in the event of the death of the mother was made first to the mother who apprehended death, about three weeks before the birth of the plaintiff, in the presence of and with the acquiescence of the father, and that at the time of the funeral in February, 1885, three days after the birth of the plaintiff, the father told Samuel Hanly that the baby was not quite old enough, but that when the weather got suitable he would take her over to the Hanlys. In the latter part of the following month when the plaintiff was about six weeks old, the father took the plaintiff to the Hanlys, in accordance, as he testifies, with these talks which had previously been had.

In neither of these two talks had any promise that Hanly would give the child his property been asked or made, and the defendants claim that these two conversations show that the father intended to give the child to Hanly, and Hanly intended to receive it without any agreement to give it any property whatever, and hence that it is very improbable that the alleged agreement was made after the child had been in fact taken to Hanlys.

The defendants also claim to be improbable the making of an agreement by Hanly with the acquiescence of his wife, to transfer all his real and personal property upon his death, which might occur within a few weeks or months, to a then infant, not of his own blood, whose future could not be foretold, and to the exclusion of his wife, except simply as to her dower rights; and the defendants contend that the only agreement Hanly and his wife would have consented to make was to leave the child whatever property might be left after he and his wife were both through with it, or as Mrs. Hanly testifies, that her husband said to the mother, "to take the child as our own child."

But an agreement to treat a child as a person would treat his own child confers upon the child no right whatever to the property of the father.

While the court recognizes the harsh effect of a decree which would dismiss the complaint herein upon the merits, yet the law which would allow the plaintiff to recover upon the uncorroborated testimony of interested witnesses would, in many cases, disinherit rightful heirs and do endless injustice.

As to the plaintiff, the defendants say that she has already received more than eighteen years of support and affectionate care, and that she has nothing of which to complain, even if the decision should be adverse to her. However that may be, the burden of establishing the right of the plaintiff to the property of Samuel L. Hanly is upon the plaintiff, and under the rules of law above cited requiring the plaintiff to clearly establish a definite and certain contract by the testimony of disinterested witnesses, it must be held that the plaintiff has not established such contract. The court has not lost sight of the testimony as to the affectionate relations which existed between the plaintiff and Samuel L. Hanly, but such relations were entirely consistent with the absence of the alleged agreement.

Neither has the court failed to consider in all its aspects the case of *Winne* v. *Winne* (166 N. Y. 263). However, an examination of the record in that case shows that the court expressly found that the agreement relied upon was in fact made, and was in writing signed by a parent of the infant and by the persons receiving the child.

It is certainly unfortunate if such agreement was in fact made that it was not put into writing, or at least confided to disinterested witnesses. This duty rested upon the adults concerned in the transaction, and the result of their failure cannot be laid at the door of the law. It is even more unfortunate that proper provision was not made for the widow, Julia Hanly, although her statutory rights in the property of her husband are the same, whether the plaintiff or the defendants succeed. However, the court cannot make a will for Samuel L. Hanly.

The court properly has a discretion as to the awarding of costs, and while the plaintiff is defeated upon the merits, yet the court believes it is not an abuse of discretion, under the circumstances, to decline to award costs against the plaintiff.

The complaint must be dismissed upon the merits, without costs.