have reasonable and adequate compensation. The petitioner has been successful in these proceedings, and not even the shadow of an excuse exists, in law, for deferring the payment of the income asked for; hence the petitioner is not asking a favor, but for the enforcement of a right. The same right that the executor has to his commissions the attorney has to his costs, if he is successful. Right should always prevail.

Let a decree be prepared in accordance with the foregoing opinion, and the petitioner's attorneys are allowed $15 costs, payable out of the corpus of the estate, and their actual and necessary disbursements.

---

(57 Misc. Rep. 541.)

### In re DUKE'S ESTATE.

(Surrogate's Court, Rensselaer County. January, 1908.)

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—EVIDENCE.

Where an uncle, since deceased, and a nephew, enter into an oral agreement that he should be paid for services by the last will of his uncle, it must be clearly proven by satisfactory evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 903½.]

2. SAME—COMPENSATION OF RELATIVE.

Where a nephew presents a claim against his uncle's estate for services rendered for over 21 years to the decedent, he must show a definite contract for compensation at the death of his uncle.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 733.]

3. SAME—EVIDENCE—DECLARATIONS OF DECEDENT.

An uncle devised a house valued at $5,000 to his nephew, who presented a claim against the estate for $16,000 for services rendered for a period of 21 years, based on an alleged oral agreement that he would be paid therefor by the last will of his uncle at his death. *Held*, that expressions of an intent by the uncle to compensate the nephew, made in conversation with third persons during some 15 or 20 years, are no part of the contract, where it was not shown that they were communicated to the nephew to induce him to render the services and that he performed in consideration thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 903½.]

4. SAME—IMPLIED CONTRACT.

Where during 21 years a nephew performed valuable services for testator, he can recover on an implied contract, for the value of the services during the six years prior to testator's death, with simple interest, computed yearly, without regard to the value put on his services in the claim based on an alleged contract by the uncle to compensate the nephew.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 733.]

In the matter of the settlement of the estate of John Duke, deceased. On claim of George D. Colby. Allowed.

Hayner & Ward, for executor.
John W. Roberts, for claimant.

HEATON, S. Trial of claim by consent upon judicial settlement for services in renting, collecting rents, and looking after repairs of 17 tenement houses and 1 barn for 21 years and 8 months at $7 per week, with interest compounded annually; total, $16,280.82. The claimant, George D. Colby, was a nephew of deceased, and lived in his family as a boy, but did not live with his uncle during the time covered by this claim, and during the latter portion of such time did not seem to be on intimate terms with him. Mr. Duke suffered from a paralytic stroke in January, 1893, and died December 2, 1904. He made his will in January, 1893, and in it he gave George a house valued at $5,000. The claim is based upon an alleged agreement, made before 1893, that the claimant would be paid for his services by the will of deceased or at his death.

If there is sufficient proof of such a contract, the claim did not become due until the death of deceased, and the statute of limitations has not run against any part of the claim. Heaton's Surrogates' Courts, par. 782, and cases cited. Such contracts are dangerous in character, easily fabricated, may carry with them a long and silent account of many years' standing, and, therefore, they should be definite and certain, and clearly proved by satisfactory evidence. Pattat v. Pattat, 93 App. Div. 102, 87 N. Y. Supp. 140. Most of the proof consists of admissions of the deceased, made from 15 to 20 years ago in the course of unimportant conversations had with tenants of the property. Only one or two of these purport to show that the deceased even mentioned that George was to be paid at ·death or by will. Two other witnesses relied upon to make such proof were relatives of the claimant. All of such evidence is indefinite, uncertain, and open to the criticism that memory of incidental conversations had from 15 to 20 years before must necessarily be inaccurate. Most of these conversations were not had in the presence of claimant; and none of them were admissions of a. contract made with claimant at a given time or of a definite character, but were voluntary expressions of good will and an intention to compensate the claimant either at death or some other time. Such declarations do not constitute any element of a contract, unless it be shown that they were communicated to the claimant, were made for the purpose of inducing the claimant to render the services, and that such services were performed in consequence of such promise or declaration. Matter of Stewart's Estate, 21 Misc. Rep. 413, 47 N. Y. Supp. 1065. With such testimony eliminated as competent evidence of a contract, no sufficient proof of the alleged agreement remains.

The principle is well recognized that, where claims are withheld during the lifetime of an alleged debtor, and are sought to be enforced against his estate, they should be carefully scrutinized and allowed only upon clear and satisfactory proof.· Kearney v. McKeon, 85 N. Y. 139. When the claimant presented his claim, based upon such alleged contract, he assumed the burden of showing by clear and satisfactory proof that the services rendered by him were so rendered under a definite contract for compensation at the death of his uncle;

otherwise, the statute of limitations deprives him of his right to recover upon a large portion of his claim. The evidence of such a contract is wanting in this case; and, if claimant is entitled to recover at all, it is upon an implied contract, arising out of the fact of the rendition of the services. This being true, all of the items of the claimant's account prior in date to December 2, 1898, are fully barred by the statute of limitations. During all of the 21 years included in the account it appears clearly that the claimant performed many and valuable services for the testator. Up to January, 1893, the testator himself had general supervision of his tenement houses. Being then incapacitated by illness from continuing his active life, he, in the presence of George, made and constituted his nephew William J. Colby his agent in the management of such tenements, gave him the names of the tenants and the amount of the rents, and authorized him to receive the rents and account to him therefor. He thereby put William into his own place so far as the active superintendence of the houses was concerned. From that time George continued to act with regard to the property much the same as he had for many years, with the exception that he turned over rent collected by him to his brother William. Thus, with the knowledge and consent of William, the duly authorized agent of the testator, and presumably with the testator's consent (for when William was put into the place of the testator it does not appear that the testator made any change in the relation that George should occupy as to the care of the property), the services of George were retained. For these services, rendered to the testator during the six years prior to his death, George is entitled to recover their proven value, without regard to the value put upon them in the claim based upon the contract.

Considering the testimony of the experts and other witnesses, the class of tenants and character of the tenements and of the services performed, the value of the claimant's services should be computed at 10 per cent. upon 95 per cent. of the rent collections for the six years previous to the death of the testator, which would be $2,736, and to simple interest, computed yearly to the death of testator, which would be $432 in addition. No interest should be allowed on this claim since the death of the deceased, since the claim presented to the executor has not been allowed.

Decreed accordingly.