## WARNER v. STAR CO.

(Supreme Court, Appellate Division, Second Department.  May 25, 1914.)

1. RELEASE (§ 52*)—AVOIDANCE—MISTAKE—FRAUD—PLEADING.

Where defendant, in an action for personal injury, pleaded a general release, the plaintiff may, in reply, allege mutual mistake of fact and fraud to avoid such release, although the action is one at law and the grounds for avoiding the release are equitable.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 92; Dec. Dig. § 52.*]

2. TRIAL (§ 3*)—SEPARATE TRIAL OF ISSUES—RELEASE.

Under Code Civ. Proc. § 973, authorizing the court in its discretion to order an issue to be tried separately prior to the trial of the other issues, the issues raised by a reply to a plea of general release of damages for personal injuries that the release was obtained through fraud or mutual mistake should be tried before the trial of the case on its merits.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

Appeal from Special Term, Kings County.

Action by Charles N. Warner against the Star Company.  From an order denying defendant's motion for priority in the trial of certain issues, the defendant appeals.  Reversed, and motion granted.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Macdonald De Witt, of New York City, for appellant.

Lowen E. Ginn, of New York City, for respondent.

BURR, J.  Defendant, for answer to a complaint to recover damages for personal injuries resulting from negligence, pleaded a general denial, and also set up as an affirmative defense that, after the date of the alleged injury and before the commencement of this action, plaintiff for a valuable consideration executed and delivered to it an instrument in writing and under seal, by which he released it from the claim set up in the complaint.  In obedience to an order requiring a reply to this affirmative defense, plaintiff alleged: First, that such release was executed and delivered, and the consideration mentioned therein paid, by and on behalf of defendant, under a mutual mistake of facts with respect to the nature and extent of plaintiff's injuries; and, second, that for the purpose of inducing him to execute the same, defendant falsely and fraudulently represented that if he would so execute and deliver such release, in addition to the amount of money therein mentioned to be paid, defendant would provide and furnish permanent employment to him which would not require him to stand or remain upon his feet while working, and that, relying upon such representation, he executed and delivered such release, but that thereafter, and before the commencement of this action, defendant broke its agreement, and failed and refused to furnish him such employment. After joinder of issue, defendant moved for a separate and prior trial of the issues raised by plaintiff's reply to this affirmative defense, un-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der the provision of the Code, to the effect that "the court in its dis-cretion may order one or more issues to be separately tried prior to any trial of the other issues in the case." Code Civ. Proc. § 973. From an order denying such motion, this appeal comes.

[1] We think that it must now be deemed settled that, although this is an action at law, and the relief sought by plaintiff from the effect of this release is based upon purely equitable grounds, that issue may be tendered and determined in this action. Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462, 34 Am. Rep. 550; Kirchner v. N. H. S. M. Co, 135 N. Y. 182, 31 N. E. 1104; Sullivan v. Traders' Insurance Co., 169 N. Y. 214, 62 N. E. 146; Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650; Smith v. Salomon, 7 Daly, 216; Pattatt v. Pattatt, 93 App. Div. 104, 87 N. Y. Supp. 140; Babcock v. Clark, 93 App. Div. 119, 86 N. Y. Supp. 976; Anderson v. Smitley, No. 1, 141 App. Div. 421, 126 N. Y. Supp. 25; Bklyn. Heights R. R. Co. v. Bklyn. City R. R. Co., 151 App. Div. 465, at page 500, 135 N. Y. Supp. 990.

In Arthur v. Homestead Fire Ins. Co., supra, plaintiff began an action at law to recover upon an insurance policy. Defendant answered, setting up that the statements in the application were made warranties, and that in the application for insurance, in stating the amount of the incumbrances upon the property covered by the policy, plaintiff omitted to state that there was a mortgage thereon of $2,400. Upon the trial, after defendant had proved the facts as alleged, plaintiff sought to show that defendant's agent was informed as to the existence of said mortgage, and by mistake failed to insert it in the application. This evidence was objected to and excluded, upon the ground that the action was one at law, and not in equity to reform the instrument, and plaintiff was nonsuited. He then brought a second action to reform the contract, and for recovery thereon as reformed, to which, among other things, the short statute of limitations was pleaded. In commenting upon the proceedings at the first trial, the court pronounced them erroneous, and said:

"The rule has, since the union of legal and equitable remedies in one system, and their application by one court been repeatedly applied, and declared to be so broad that it secures to the plaintiff the benefit of every possible answer to the defense made by way of new matter, not constituting a counterclaim as fully as though it were alleged in the most perfect manner. For that purpose, evidence admissible under the principles of either law or equity takes the place of pleading."

The language here used must be limited to a case where no reply has been interposed. Where plaintiff has replied, doubtedless he will be limited by the terms of such reply, but the principle of freedom to meet an affirmative defense in an action at law by matters either of denial or avoidance is the same in either case.

In Kirchner v. N. H. S. M. Co., supra, which was an action at law to recover for personal injuries, in which the defense of a general release was interposed, the effect of which plaintiff sought to destroy by evidence of mutual mistake or fraud, the court said:

"Generally speaking, whatever proofs would be regarded as sufficient to enable the plaintiff to maintain an action for the reformation of the release, so

as to except from its provisions the demand in suit, would be available to him in this action by way of avoidance of its terms."

Sullivan v. Traders' Insurance Co., supra, was also an action at law upon an insurance policy, in which the answer set up an appraisal of the amount of loss in accordance with the terms thereof, and tender of amount fixed by the appraisers. By reply, plaintiff sought to attack the validity of the appraisement upon the ground of fraud. It was held that he might do so without resorting to a separate equitable action to set the appraisement aside. The question was very sharply raised in that case, as appears from the dissenting opinion of Judge Vann.

Wilcox v. American Telephone & Telegraph Co., supra, was an action in ejectment. The defense was a grant by plantiff under seal. Plaintiff replied, admitting the execution of the instrument, but alleged that it was obtained by false and fraudulent representations. The court held that such an issue could be tried in that action, and in its opinion said:

"The practice adopted by the plaintiff was entirely proper. He was not obliged to appeal to a court of equity for relief against the deed, but when it was set up to defeat his claim he could avoid its effect by proof of the fraud by which it was obtained."

[2] Inasmuch as the issue arising upon this affirmative defense, and the reply thereto, is properly an issue in this action to recover for personal injuries, if said reply states facts sufficient to avoid a release which plaintiff admits that he executed and delivered, receiving the money consideration named therein, this seems to us peculiarly a case where a separate issue as to the validity of this release should be first tried. The Code section above referred to has useful application to an issue which, if determined in one way, will end the litigation and render a trial upon the merits unnecessary. Smith v. Western Pacific Railway Co., 144 App. Div. 180, 128 N. Y. Supp. 966; Pemberton v. McAdoo, 149 App. Div. 20, 133 N. Y. Supp. 627. The danger which may result from attempting to try all of the issues at one time is that evidence upon defendant's negligence, or plaintiff's freedom from contributory negligence, may create an atmosphere which shall produce an unconscious influence upon the triers of fact as to the entirely separate and distinct issue of the validity and sufficiency of this release. It may be doubted whether the fact, if it prove to be the fact, that when plaintiff executed this release, both he and the defendant were ignorant of the full extent of his injuries would have any effect upon the validity thereof if he intended thereby to release his entire cause of action, whatever it was. Kirchner v. N. H. S. M. Co., supra; Walbourn v. Hingston, 86 Hun, 63, 33 N. Y. Supp. 117. If it be the fact that defendant has broken its contract as to future employment of the defendant, this may give him a cause of action for damages for breach of such contract, without in any manner affecting the validity of the release of his original claim. Kent v. Standard Oil Co., 138 App. Div. 501, 122 N. Y. Supp. 1047.

We think, therefore, that the questions of law and fact arising in connection with this release should be first disposed of, and that the

order appealed from should be reversed, with $10 costs and disbursements, and the motion for a separate and prior trial thereof granted. All concur.