ARBUTINA v. PITTSBURG CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. June 11, 1915.)

1. RELEASE ☞57—MISTAKE AND MISREPRESENTATION—SUFFICIENCY OF EVIDENCE.

In an action by a servant against his master for personal injuries, evidence *held* insufficient to support finding that a release was executed by the plaintiff under a mistake of fact as to its scope, induced by defendant's misrepresentations.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 106–108; Dec. Dig. ☞57.]

2. TRIAL ☞3—SEPARATE TRIAL OF ISSUES—RELEASE OF TORT.

Where, in an action by a servant against his master for serious personal injuries, it appeared that plaintiff had executed a release for $300, and the evidence was closely balanced whether plaintiff was a minor when he executed such release, the case was proper for the exercise of the court's discretion to order a separate trial of the issue raised by the affirmative defense of the general release to avoid the influence upon the jury in determining the question of the validity of the release or the inadequacy of the consideration paid plaintiff therefor.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ☞3.]

Appeal from Trial Term, Westchester County.

Action by Teodor Arbutina, an infant, by Dmitar Arbutina, his guardian ad litem, against the Pittsburg Contracting Company. From a judgment for the plaintiff, and from an order denying its motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

John Ambrose Goodwin, of White Plains, for appellant.
Humphrey J. Lynch, of White Plains, for respondent.

JENKS, P. J. Necessarily the general verdict for the plaintiff implies that the jury were satisfied with the proof adduced to avoid the general release pleaded by the defendant. As I think that such proof was not sufficient, I advise that the judgment and order be reversed, and that a new trial be granted.

[1] There was no question as to the execution and delivery of the said instrument or the receipt of $300 at the time. The plaintiff contends that Schwedo, the agent of the defendant, told him that the $300

was paid to him because he was incapacitated temporarily by the accident; in other words, that it was in lieu of what wages he might have earned, save for the accident. This contention rests upon the uncorroborated testimony of the plaintiff in contradiction of the terms of the release and of the positive testimony of Schwedo, who procured the release. I might hesitate to disturb the finding of the jury upon this issue, if the clash was merely between the testimony of the plaintiff and that of Schwedo, fortified by the general release. But the plaintiff was confronted by his testimony at a former trial of this action, which showed that he had repeatedly said that he had received the $300 "for his injuries." The variance is too important to the vital issue of the general release to be negligible. The plaintiff's effort at reconciliation or explanation strikes me as lame rather than successful. On the whole, his proof, even making full allowance for his comparative unfamiliarity with the English tongue and his complaint against interpreters, is so unsatisfactory that I think that the issue of the general release should be submitted to another jury.

[2] Lately we have commented upon the natural tendency of a jury to disregard the issue raised by the plea of a general release, when that issue is tried with the issue of negligence. And we suggested in explanation that the jury may lose sight of legal right in its conclusion that the consideration for the release was wholly inadequate when considered as compensation for the injury. Piuntkosky v. Thomas Harrington's Sons Co., 152 N. Y. S. 902, decided by this court April 16, 1915. Even the trained mind of the court may be not unmindful of the hardship that may result from successful plea of a general release. Thus in the case at bar the learned court, who tried the case admirably, after saying in its charge:

"Keep in mind also that, if the $300 was received by the plaintiff as compensation for his injuries, he cannot recover, and that ends the case, no matter how paltry the sum may seem to you or how severe the injuries may be"

—added by the next sentence:

"If you should say that Arbutina took $300 in payment for injuries consisting of a broken leg, an injured hip, a broken jaw, and seven teeth knocked out, your verdict must be for the defendant. If, however, you believe that Schwedo told him, as I have said before, that it was for his wages, and by that means got him to accept it and sign the paper, then you take up the question of negligence."

The plaintiff contends that he was an infant at the time of the execution of the release, August 1, 1912. He testifies that he became of age on June 12, 1914. There is no other proof. On the other hand, Schwedo testifies that the plaintiff said that he was 21 years old; and Dr. Squires, proprietor of a sanitarium at Ossining, who received the plaintiff, testifies that the plaintiff told him that he (the plaintiff) was 21 years old in March, 1912. This testimony was not denied. I think that this case is an illustration of the propriety of an exercise of discretion by the court to order a separate and prior trial of the issue raised by the affirmative defense of a general release in an action for negligence. Warner v. Star Co., 162 App. Div. 458, 147 N. Y. Supp.

803; Piuntkosky v. Thomas Harrington's Sons Co., supra. I express no opinion upon the question of the liability of the defendant.

The judgment and order are reversed, and a new trial is granted; costs to abide the event. All concur.