■ ALBERT MINOFF, Respondent, v. MORTON LEVINE et al., Appellants.— In a negligence action to recover damages for personal injuries resulting when plaintiff fell on a private walk leading to defendants' premises, the defendants appeal from an order of the Supreme Court, Nassau County, dated February 27, 1962, which denied their motion, made pursuant to rule 115 of the Rules of Civil Practice: (1) to preclude plaintiff from giving evidence at the trial with respect to the particulars demanded by defendants; or (2) to direct plaintiff to serve a complete bill of particulars. Order reversed, without costs, and motion granted to the extent of directing plaintiff to serve a supplemental bill of particulars with respect to items 3, 11, 12, 13, 14, 15 and 16 of the demand. Such bill is to be served within 30 days after entry of the order hereon. Plaintiff's original bill was wholly inadequate. He failed to supply any specific information in response to item 3; and as to the other items mentioned he made no response at all. The information sought is essential for the proper defense of the action. In the interests of justice, plaintiff should be required to serve a supplemental bill of particulars so that a complete pretrial disclosure may be had. Under all the circumstances, it was an improvident exercise of discretion to deny the supplemental bill because of the delay in making the motion therefor. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ NEWKIRK ROGERS CORPORATION, Respondent-Appellant, v. INCORPO-RATED VILLAGE OF TUCKAHOE, Appellant-Respondent.— In an action to declare a revised zoning ordinance of the defendant village, enacted June 3, 1960, to be unconstitutional and void in its application to plaintiff's property, and to declare that plaintiff's property may be used for six-story apartment houses, the parties cross appeal from different portions of a judgment of the Supreme Court, Westchester County, entered February 14, 1962 upon the decision of the court after a nonjury trial. Judgment, insofar as appealed from by each party, affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ IRENE PAPAIN, Appellant, v. AMERICAN INSURANCE COMPANY, Respondent.— In an action on a personal property floater insurance policy to recover the value of certain furs lost by theft, the insured plaintiff appeals: (a) from an order of the Supreme Court, Nassau County, dated March 1, 1962, which granted defendant's motion for summary judgment dismissing the complaint on the merits, pursuant to rule 113 of the Rules of Civil Practice; and (b) from the judgment of said court, entered March 5, 1962 on such order. Order and judgment affirmed, without costs. A prior action, commenced within the one-year limitation contained in the policy, had been dismissed on March 1, 1961 for lack of prosecution. The present (second) action was commenced within one year after such dismissal, but more than a year after the loss. The motion for summary judgment was granted on the ground that the action was not brought within a year after the loss, as required by the policy. In our opinion, this second action was properly dismissed. It was not saved by the provisions of section 23 of the Civil Practice Act (*Loomis* v. *Girard Fire & Mar. Ins. Co.,* 256 App. Div. 443). In the case (*Rogers* v. *Home Ins. Co.,* 95 F. 109) relied on by plaintiff, the policy condition was different from the one at bar. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.