The ESSEX HOUSE and Louis
Lerner, Plaintiffs,

v.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Defendant.

No. 6488.

United States District Court,
S. D. Ohio, W. D.

June 8, 1971.

Douglas G. Cole, Goldman, Cole & Putnick, Cincinnati, Ohio, for plaintiffs.

James L. O'Connell; Lindhorst & Dreidame, Cincinnati, Ohio, for defendant.

MEMORANDUM OF DECISION
AND ORDER.

DAVID S. PORTER, District Judge.

This case was assigned for hearing March 23, 1970. At that time there was a separation of issues and agreement that the issue created by the policy defense asserted by the defendant and plaintiffs' claim of waiver and estoppel should be tried first.

This was submitted on the stipulation entered into by counsel on behalf of their respective clients (Item No. 16 in the Court File, filed March 25, 1970), and extensive briefs filed pro and con.

At page 2 of the stipulation there appears the clause requiring that suits on the policy be brought within twelve months after the occurrence in question. What happened here was that before the plaintiffs filed suit, the defendant did

so in Common Pleas Court of Hamilton County, Ohio, on July 4, 1966. The action was one for declaratory relief and before it was at issue, but after a successful motion to strike by the defendant (one of the plaintiffs in this case) the case was unilaterally dismissed other than on the merits by the insurance company without notice to the insured or their counsel on July 18, 1967, more than twelve months after the loss.

Within one month of this dismissal plaintiffs' insured filed the instant action seeking the same declaratory relief as to the same policy. In the suit filed in Common Pleas Court by the insurer (defendant herein) we note that in the prayer there is a request that:

". . . should the Court find that the occurrence of July 4, 1966 was a loss within the terms of said policy . . . in favor of the defendant insured, the Court should then find as to the nature and extent of any claimed items of loss which the Court finds are covered by said policy."

In this Court's view this is a definite recognition of the possibility of liability on the part of the defendant. Such recognition appears to be inconsistent with an intention to insist on the condition.

■ We do not think it is necessary to take up all the points raised by the defendant in support of its position, e. g., the role of proper pleading in a declaratory judgment action. The following should suffice:

1. We agree with the following statements in plaintiffs' brief (page 6):

"Because the limitation period of the policy is shorter than applicable statutory statutes of limitation, and therefore harsher, such limitation clause will be regarded as waived if there is any reasonably sufficient evidence on which to base such finding. *Arthur v. Homestead Fire Insurance Co.*, 78 N.Y. 462."

2. "The right of an insurance company to rely on a provision in an insurance policy limiting the time within which an action thereon must be brought may be lost by waiver or estoppel. 42 C.J.S. [Husband and Wife § 630, p.] 285."

3. "The limitation may be waived not only expressly but by implication. *Id.*"

4. "The company may waive, or be estopped to assert, a contractual provision limiting the time within which an action on the policy must be brought by any acts or declarations which evidence a recognition of liability and are inconsistent with an intention to insist on the condition. . . . A waiver or estoppel may result from acts of insuror causing insured or claimant under the policy to delay bringing suit until after the time provided for under the policy." *Id.*, at page 287.

■ Upon review of the facts in this case we conclude there was such a waiver and estoppel and that plaintiffs should prevail on the issue created by the policy defense asserted by the defendant and the claim of waiver and estoppel asserted by the plaintiffs.

An appropriate entry should be prepared by the prevailing party for the approval of opposing counsel and the Court. Unless there is an interlocutory appeal, this can provide for assignment of the remaining issues for hearing on the merits.