(8 App. Div. 547)
### HAYDEN v. HAYDEN.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

ACTION—BREACH OF CONTRACT TO SUPPORT INFANT.
　　An action will not lie for breach of contract by defendant to support plaintiff, an infant, during infancy.

Appeal from special term, Onondaga county.

Action by Howard B. Hayden, an infant, as a poor person, by Henry Burlew, his guardian ad litem, against Sely C. Hayden, to compel specific performance of an alleged verbal contract between defendant and one Susan Hall, a paternal aunt of plaintiff, by which defendant agreed to adopt plaintiff, and to recover damages for refusing to perform such alleged contract. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

W. E. Pratt, for appellant.
George R. Cook, for respondent.

GREEN, J. The material allegations contained in the complaint are that the parents of the infant plaintiff died in or about the year 1880, when he was of the age of about six years; that he then lived with Mrs. Hall, his aunt, until the year 1884, when she entered into a contract with the defendant, whereby, in consideration that she would surrender the care and custody of the infant to the defendant, he agreed to adopt the infant, and to support, maintain, and provide, and to treat and care for him, in all and every respect, as his own son; that, in pursuance of such agreement, Mrs. Hall surrendered to defendant the custody of the infant, who thereupon lived with, and was maintained by, defendant, and was treated in all respects as his son, until March, 1894, when he had attained his nineteenth year; that the infant's name was changed to Hayden; that in the month of March, 1894, the defendant refused to any longer support the infant, and excluded him from his dwelling. The relief demanded in the complaint is that the defendant be compelled to give the infant such sums of money as to the court shall seem just and sufficient for his support and maintenance, and for such other relief as the court shall deem just.

It appears from the evidence that the alleged agreement was oral. It is further disclosed by the record that the infant's father died in 1880, and his mother in 1882. He then lived with his aunt Mrs. Hall three months, when he was placed in an orphan asylum by her husband, and remained there two months. He was then taken therefrom by Mrs. Chasmer, a relative of his father, and remained with her until he was taken into defendant's family. The nearest relatives of the plaintiff at the time of the alleged agreement of adoption were his brother, three sisters, and a paternal grandmother. There were three other aunts besides Mrs. Hall. No guardian of the infant had ever been appointed. It is conceded that the defendant faithfully fulfilled his promise or agreement to support,

maintain, and educate the plaintiff, and to treat him as his own son, up to the time he had attained his nineteenth year. Plaintiff's counsel says that plaintiff "continued in defendant's family under this agreement, brought up in idleness and luxury, with no idea of self-support." Plaintiff testified that $1,000 or $1,200 a year would be a reasonable amount for his support in the manner he had been supported by defendant. We have not been cited to, nor are we able to find, any authority for the maintaining of an action of this character, nor can we conceive of any principle of law upon which it may be upheld. It is a matter of no consequence to determine whether the agreement should be limited to the time of the plaintiff's majority, or to the time when he became of sufficient capacity to, or ability to, support himself. Assuming, however, that the defendant's obligation continued during the plaintiff's infancy, the facts are nevertheless wholly insufficient to establish a cause of action. There is no proof of any breach of the agreement as alleged in the complaint. The breach of the agreement is that the defendant did not, after plaintiff attained his nineteenth year, support and maintain him as he would his own son. Non constat but that defendant, under the same state of circumstances, would have compelled his own son to support himself. Surely the plaintiff can claim no other or greater privilege, benefit, or advantage than might be lawfully or rightfully refused by defendant to his own son. It would be a novelty in the law for a son to maintain an action against his father to compel him to furnish supplies of food and clothing, or to advance him the requisite funds for that purpose. A parent is bound to support his minor child, and is entitled to his services and to receive earnings. But here the defendant is not entitled to the plaintiff's services or his earnings, and yet it is contended that defendant is under a legal obligation to support the plaintiff in idleness and luxury. There is no reciprocity here, nor any consideration whatever. The evidence shows that defendant has faithfully fulfilled all the obligations or duties that could be reasonably expected or required of him.

The respondent insists that this appeal should be dismissed on the ground that the appellant cannot prosecute the appeal as a poor person. It is provided by section 1294 that any party aggrieved may appeal from a judgment or order. The appellant had a right to appeal from the judgment herein, but he cannot avail himself of the privilege of prosecuting the appeal as a poor person, so as to be absolved from the liability for costs of the appeal. Morse v. City of Troy, 38 Hun, 301. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.