Loren E. Winne, Respondent, *v.* Magdaline Winne, Individually and as Administratrix of Emily Winne, Deceased, et al., Appellants.

1. Specific Performance, when Properly Granted. The right to the specific performance of a contract rests in judicial discretion and may be granted or withheld upon a consideration of all the circumstances and in the exercise of a sound discretion, and in a case where the proof discloses a contract certain as to its subject-matter, its stipulations, its purposes, its parties and the circumstances under which it was made, and the contract is fair and just and its enforcement equitable, such relief may properly be granted.

2. Appeal — Conclusiveness of Findings. While it is one of the prerequisites to the specific performance of an agreement that it shall be clearly proved and certain as to its terms, this rule is to be observed and enforced in the courts below which deal with the facts, and when such an agreement has been found and there is any evidence to support the findings, and, as found, it is certain in its terms, it must be taken as clearly established, and the findings are conclusive upon the Court of Appeals.

3. SPECIFIC PERFORMANCE OF CONTRACT TO MAINTAIN INFANT AND MAKE HIM SOLE HEIR. Where, upon the trial of an action for specific performance, the court found upon sufficient proof that a written agreement had been made by a childless person with plaintiff's mother for his benefit, to the effect that the former would maintain the plaintiff, who at the time was an infant, as her own child, and at her death give him all her property, and make him her sole heir if his mother would surrender to her his custody and control and would have nothing more to do with him; that the mother thereafter ceased to have any control over him; that he lived with such person until his majority, was given and accepted her name, performed the duties of a faithful son, and the relations usually existing between parent and child existed between them and continued until her death, and that she died intestate, a decision that the contract was valid, was based upon a sufficient consideration, had been fully performed by the plaintiff and his mother, was binding upon the heirs and next of kin of the decedent, and that the plaintiff was entitled to a specific performance thereof is proper, and, under such circumstances, will not be disturbed by the Court of Appeals.

4. WHEN AGREEMENT NOT RENDERED IMPOSSIBLE OF PERFORMANCE. The fact that such an agreement contained the words "and make him her sole heir" does not render it impossible of performance upon the ground that one person cannot make another his heir unless he is of his own blood, since decedent undertook to maintain the plaintiff as her own child, and at her death give him her property, and the addition of the words quoted could not detract from the other words of the agreement.

5. STATUTE OF WILLS NOT VIOLATED. The statute relating to wills and their execution is not violated by such an agreement since it is not in the nature of a testamentary disposition of property, but was to be and was chiefly executed by plaintiff and his mother during the life of the decedent, with compensation to be made at her death, and therefore was based upon a sufficient consideration.

6. AGREEMENT ENFORCEABLE IN EQUITY ALTHOUGH UNENFORCEABLE AT LAW. The fact that an action at law could not be maintained upon the agreement does not prevent its enforcement by a decree of specific performance.

*Winne* v. *Winne,* 48 App. Div. 638, affirmed.

(Argued January 21, 1901; decided March 12, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 12, 1900, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry V. Borst* and *W. P. Hover* for appellants. The alleged agreement being in writing, the plaintiff's case must be sustained entirely upon the contents and effect of the writing. (*Long* v. *N. Y. C. R. R. Co.*, 50 N. Y. 76; *Wilson* v. *Deen*, 74 N. Y. 531; *Buckley* v. *Bentley*, 48 Barb. 283.) The rule excluding parol evidence in relation to written instruments applies to subsequent as well as prior and contemporaneous oral declarations by parties. (*Mott* v. *Richtmyer*, 57 N. Y. 49.) The alleged agreement, as found by the court, was not a legal or binding agreement in law, upon the evidence in this case. (*Matter of Thorne*, 155 N. Y. 140.) The alleged contract is not sufficiently established, and the terms and provisions thereof are not sufficiently shown to entitle it to be enforced. (Pom. on Spec. Perf. §§ 159–166; *Purcell* v. *Coleman*, 4 Wall. 513; *Stokes* v. *Stokes*, 155 N. Y. 590; *Shakespeare* v. *Markham*, 72 N. Y. 400; *Stanton* v. *Miller*, 58 N. Y. 192; *Gall* v. *Gall*, 64 Hun, 600; *Edwards* v. *Noyes*, 65 N. Y. 125.) The contract in question is illegal and void, and cannot be enforced in equity. (*Wood* v. *Evans*, 113 Ill. 186; *Stokes* v. *Stokes*, 155 N. Y. 590; *Gall* v. *Gall*, 64 Hun, 600; 22 Am. & Eng. Ency. of Law, 1006; *Matter of Thorne*, 155 N. Y. 140; *Smith* v. *Allen*, 161 N. Y. 482; Pom. on Spec. Perf. §§ 162–166.)

*Clark L. Jordan* for respondent. The Appellate Division unanimously affirmed the decision of the trial court, and the questions of fact are not reviewable here. (*Dunckel* v. *Dunckel*, 141 N. Y. 427.) The consideration was ample to support the agreement. (*Godine* v. *Kidd*, 64 Hun, 591.) The contract was not against public policy, and should be enforced as against the heirs at law and next of kin of the deceased. (*Godine* v. *Kidd*, 64 Hun, 591; *Gall* v. *Gall*, 64 Hun, 600; 138 N. Y. 675; *Gates* v. *Gates*, 34 App. Div. 608; *Brantingham* v. *Huff*, 43 App. Div. 414.)

Martin, J. The purpose of this action was to enforce by specific performance a contract made by the defendants' intestate with the plaintiff's mother for his benefit. The

34

plaintiff was the son of Loren and Harriet Wetherbee. In 1870, while he was under the sole charge, custody and control of his mother, she delivered him into the custody and control of Emily Goodemote, afterwards known as Emily Winne, under and in pursuance of a written agreement made by and between Harriet Wetherbee for the benefit of the plaintiff, and Emily Goodemote, with the consent of her husband. This agreement was left in the possession of Mrs. Winne, but after her death it could not be found. Notice to produce it was given to the defendants who succeeded to the possession of her property and effects; it was not produced, and secondary evidence of its contents was given. By the terms of the agreement as thus proved, Mrs. Winne was to have, and the mother of the plaintiff was to surrender to her, the custody and control of the plaintiff; Mrs. Winne was to keep and maintain him as her own child, and at her death give him all her property and make him her sole heir, and his mother was to have nothing more to do with him. After this agreement was made the plaintiff's mother ceased to have or exercise any control, charge or custody of him. He lived with Mrs. Winne until after he was twenty-one years of age, was given and accepted her name, performed the duties of a son, and the relations usually existing between parent and child existed between them and continued until her death, which occurred December 3, 1898. She died intestate, and at the time was the owner of the real estate described in the complaint, and had about five hundred dollars of personal property. The defendants are her heirs at law and next of kin, and as such claim to be entitled to all the property she possessed at the time of her death. The defendant Magdaline Winne is the administratrix of her estate, is in possession of the personal property left by her, and also has charge of the real estate. Loren Wetherbee, the plaintiff's father, died prior to the death of Mrs. Winne. The latter left no father, mother, child nor descendant and no child was born to her after such contract was made.

The foregoing, briefly stated, are the facts as found by the

learned trial judge. Upon those facts it was held that the contract was valid, was based upon a sufficient consideration, had been fully performed by the plaintiff and his mother, was binding upon the heirs and next of kin of the decedent, and that the plaintiff was entitled to a specific performance by the defendants of the contract of Mrs. Winne. From the judgment entered upon that decision the defendants appealed to the Appellate Division, where the judgment was affirmed, and from that judgment the defendants Magdaline Winne, individually and as administratrix, Catherine Robb and Hannah Vunck have appealed to this court.

The proof was sufficient to justify the trial court in finding the facts contained in its decision, or to show that there was at least some evidence to support the facts found, and under those circumstances the findings of fact in the case are conclusive upon us. " Whether there was any evidence to support a fact found is a question of law, which, when the affirmance by the Appellate Division is not unanimous, we can review, but in no other way can we deal with a question of fact in a civil case, even if we think it has been improperly decided." (*Ostrom* v. *Greene*, 161 N. Y. 353, 357.) While it is one of the prerequisites to the specific performance of an agreement that it shall be clearly proved and certain as to its terms, this rule is to be observed and enforced in the courts below which deal with the facts, and when such an agreement has been found and is certain in its terms as found, it must be taken as clearly established within the rule, and the findings are conclusive upon this court. (*Dunckel* v. *Dunckel*, 141 N. Y. 427.) Therefore, in the farther discussion of the questions involved in this case, it must be assumed that the facts have been conclusively settled by the findings of the trial court.

The contention of the appellants is that the agreement found by the court was not a legal or binding agreement in law, that it cannot be enforced against the estate of the decedent, and that the evidence was insufficient to establish a valid agreement which a court of equity can specifically perform.

In discussing the first proposition, the appellants claim that

the agreement was impossible of performance, because one person cannot make another his heir unless of his own blood. In a sense that may be true, but as the court found that the agreement by Mrs. Winne was to maintain the plaintiff as her own child and at her death give him her property, the addition of the words, "and make him her sole heir," does not detract from the other words of the agreement. Therefore, so far as the appellants' contention rests upon the proposition that one cannot make another not of his own blood his heir it is of little moment. There are, however, cases where contracts in those words have been held valid and specific performance enforced.

In the further consideration of this question it must be assumed that this was an agreement upon the part of the intestate to take the custody and control of the plaintiff, to keep, maintain and educate him as her own child, and at her death give him all her property. This agreement is clear, definite, certain, and was plainly understood, and the remedy sought is not for any reason unfair or inequitable. Under these circumstances we are unable to discover any principle upon which it can be properly held that this contract was not binding in equity or was not enforceable against her estate.

It has been suggested that such a contract might be in conflict with the statute relating to wills and to their manner of execution. This was not a contract in the nature of a testamentary disposition of the decedent's property. On the contrary, it was a contract to be chiefly executed during the life of the decedent, with compensation to be made at her death. It was a method adopted to provide for the payment by her for the custody, control and services of the plaintiff during his minority. It may be observed in passing, that the decedent before her death received the full consideration provided for by the agreement. The plaintiff was a considerate boy, discharging all the duties that a faithful son owes his parents. Not only during the years of his minority, but even after his marriage he continued to provide for and exercise that care over her which a dutiful child should. The plaintiff's mother

also surrendered up to the decedent the entire custody and management of her child, and "had nothing more to do with him." Thus both the plaintiff and his mother have fully performed the contract upon their part, so that as to them it is not executory, but has been fully executed. That there was a sufficient consideration for the agreement, we have no doubt.

In *Parsell* v. *Stryker* (41 N. Y. 480) A. let a farm to his grandson, the plaintiff, during the life of the lessor, on the condition that the plaintiff should occupy the place, the lessor to have possession of a portion of the premises, the lessee to do the work and have two-thirds of the produce and the lessor one-third; the farm to belong to the lessee on the death of the lessor. It was also agreed that this contract should be carried into effect by the lessor's making a will devising the farm to the lessee. Upon those facts this court held that the agreement was based upon a good consideration; that as there was no fraud or undue influence it was valid and should be enforced by compelling a conveyance from the heirs of the promisor or purchasers with notice, and that an action for specific performance by them could be maintained. The validity of such a contract, if sufficiently certain, was clearly recognized in *Stanton* v. *Miller* (58 N. Y. 192) and again in *Shakespeare* v. *Markham* (72 N. Y. 400).

In *Gall* v. *Gall* (64 Hun, 600), which was an action for specific performance, the principle of these cases was again asserted, but, as after the agreement in that case was made the promisor had married again and had issue, it was held the action could not be maintained because of the second marriage which was fatal to its enforcement, since it resulted in taking from a father his entire estate to the exclusion of his future wife and children, and, therefore, was inequitable and against public policy. In that case it was, however, said: "It is undoubtedly the settled law of this State that where a certain and definite contract is clearly established, even though it involves an agreement to leave property by will, and it has been performed on the part of the promisee, equity, in a case free from all objections on account of the adequacy of the

consideration or other circumstances rendering the claim inequitable, will compel a specific performance."

In *Gates* v. *Gates* (34 App. Div. 608), where a party, who had since died intestate, with the consent of his wife, entered into an agreement with the mother of an infant, whose father was dead, to make the child an heir, and to give him the same interest which a son would have in whatever property he owned or might have at the time of his decease, it was held that the child was entitled to such a share in his estate as a son would be entitled to as an heir, and where the intestate died without issue or descendants the child was entitled to the whole estate, subject to the dower interest of the widow.

Again, in *Brantingham* v. *Huff* (43 App. Div. 414), where there was a similar contract, it was held that the child could maintain an action in equity against the devisees and grantees of the promisor to compel the specific performance of the contract. The same doctrine was held in *Godine* v. *Kidd* (64 Hun, 585); *Schutt* v. *Missionary Socy.* (41 N. J. Eq. 115), and *Sharkey* v. *McDermott* (91 Mo. 647).

But it is said that the case of *Hayden* v. *Hayden* (8 App. Div. 547) holds a contrary doctrine; yet when that case is examined it will be found that the only question which was actually decided was whether, under an agreement to support an infant as a son, the latter could, after reaching the age of nineteen years, sustain an action to compel the promisor to pay for his further support. The court held that it did not appear but that the defendant, under the same circumstances, would have compelled his own son to support himself, and as the plaintiff could not claim any other or greater privilege or advantage than the defendant's child might lawfully or rightfully have claimed, the action could not be maintained. Thus it is apparent that the principle of that decision has no application here.

The intestate had no children, and, hence, this agreement cannot be regarded as invalid upon any principle of public policy, which might prevent the enforcement of an agreement which should result in the exclusion of children from

the estate of their parents. The authorities to which we have referred amply sustain the doctrine that the specific performance of such a contract may be enforced if the transaction is free from fraud, overreaching, or other objections which generally prevent the granting of equitable relief, and fully justify the decision of the courts below.

Nor is it a bar to the granting of such relief that an action at common law could not be maintained upon the agreement. There are many contracts upon which an action at law cannot be maintained, which are enforced in equity by a decree for specific performance. Indeed, the inadequacy of a legal remedy is one of the considerations upon which this branch of equity jurisprudence is founded and the equitable remedy frequently enforced. "The inadequacy of the legal remedy may consist in the fact either that no action will lie at law, or that damages would not afford an adequate compensation." (2 Beach on Mod. Eq. Jurispru. § 636.) "There are agreements which the common law, by virtue of its own doctrines, irrespective of statutory regulation, treats as invalid, as not contracts, and for which it furnishes no remedy ; but which equity, in the application of its conscientious principles, considers as binding, and enforces by awarding its relief of a specific performance." (Pomeroy on Specific Performance, § 31.)

The principle that a suit in equity may be maintained for the specific performance of an agreement, although an action at law could not be based upon it, is illustrated by cases of the transfer of possibility or expectancy of estates, assignments of things in action, contracts of married women, agreements invalid under the Statute of Frauds, agreements for the sale of land where the death of the vendor ensues before completion, agreements between a man and woman who afterwards marry, and verbal contracts which have been partially performed. In these and in many other cases, although an action at law could not be maintained, courts of equity hold such contracts as binding and decree their specific performance if free from objections which would generally prevent equitable relief. (*Chase* v. *Peck*, 21 N. Y. 581; *Husted* v. *Ingraham*,

75 N. Y. 251; *Hale* v. *Omaha Nat. Bank*, 49 N. Y. 626; *Freeman* v. *Freeman*, 43 N. Y. 34; *Perry* v. *Board of Missions, etc., of Albany*, 102 N. Y. 99; *Smith* v. *Smith*, 125 N. Y. 224; *Sprague* v. *Cochran*, 144 N. Y. 104; *Roberge* v. *Winne*, 144 N. Y. 709.) Hence, the fact that an action at law cannot be maintained upon an agreement, does not prevent a court of equity from enforcing it by specific performance. In this case a suit in equity was doubtless the only remedy the plaintiff had, and unless this action can be maintained and the judgment upheld, he is remediless, although the agreement has been fully and faithfully performed by him and his mother, and every principle of good conscience and natural justice requires its performance by the heirs at law and next of kin of the decedent.

The right to the specific performance of a contract rests in judicial discretion, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of a sound discretion. (*Seymour* v. *Delancey*, 6 Johns. Ch. 222; *Margraf* v. *Muir*, 57 N. Y. 155; *Conger* v. *N. Y., W. S. & B. R. R. Co.*, 120 N. Y. 29; *Stokes* v. *Stokes*, 155 N. Y. 590.)

Therefore, in cases of this character, where it appears for any reason that the enforcement of an agreement would be unfair, inequitable or unjust, the remedy should be denied. Each case must be governed by its own facts and circumstances, and unless the proof discloses a situation where good conscience and natural justice require the enforcement of the agreement, this relief should not be awarded. The obvious purpose of Mrs. Winne in entering into this contract was to secure to herself not only the prospective services, but also the enjoyment of the society of the plaintiff as her own child, with the hope that she might thus gratify her motherly love and rear to manhood one who would prove worthy of her bountiful care. In this she was not disappointed. If, however, the plaintiff, instead of following her admonitions, and thus becoming an upright and respected man, had become dissolute or otherwise led an unworthy life, and thus entailed upon her sorrow and disgrace, the court might well have refused this relief.

It is true that to authorize a court of equity to exercise its jurisdiction compelling the specific performance of a contract, "It must be reasonably certain as to its subject matter, its stipulations, its purposes, its parties, and the circumstances under which it was made." (3 Pomeroy's Eq. Jurispru. § 1405 ; *Stokes* v. *Stokes,* 148 N. Y. 716.) But it is to be remembered that the rule as to clearness of proof and certainty of terms is one to be observed and enforced by the courts below which deal with the facts, and when such an agreement has been found and there is any evidence to support the findings, and as found it is certain in its terms, it must be taken as clearly established, and the findings are conclusive upon this court. (*Dunckel* v. *Dunckel,* 141 N. Y. 427.) When the agreement as found in this case is tested by that rule, it answers all its requirements and justifies the conclusion that specific performance should be decreed. The agreement as found was based upon a valuable consideration, was reasonably certain as to its subject matter, as to its stipulations, its purposes, its parties and the circumstances under which it was made.

While we are of the opinion that specific performance of this contract was properly awarded, this decision is based solely upon the findings of the trial court, and the particular facts and circumstances of this case. Yet, it must not be regarded as an authority for maintaining such an action under different circumstances or upon other proof, as the granting or denial of such relief always rests in the sound discretion of the court, and should be denied unless the agreement is fair and just and its enforcement equitable.

We have carefully examined all the exceptions to the rejection and admission of evidence to which our attention has been called, but have found none which would justify a disturbance of the judgment below.

The judgment should be affirmed, with costs.

Parker, Ch. J., Bartlett, Cullen and Werner, JJ., concur ; Gray and Vann, JJ., dissent.

Judgment affirmed.