(39 Misc. Rep. 215.)

·CONLON v. MISSION OF IMMACULATE VIRGIN FOR PROTECTION OF HOMELESS AND DESTITUTE CHILDREN et al.

(Supreme Court, Special Term, New York County. November, 1902.)

**1. CONTRACT TO DEVISE ESTATE—EVIDENCE—SPECIFIC PERFORMANCE.**

An alleged contract of a husband, since deceased, to will to his wife all his property, cannot be enforced by her against his estate where the evidence rests entirely on the husband's declarations, and the testimony of plaintiff's witnesses is contradictory and improbable, so that the evidence is not the clearest and most convincing as is required for such purpose.

**2. SAME—REAL ESTATE—PART PERFORMANCE.**

Specific performance of a promise by a decedent to give all his property to his wife cannot be enforced where the property in question is wholly real estate, and the services rendered the wife as a consideration therefor are insufficient to take the contract out of the statute of frauds as part performance.

Action by Eva K. Conlon against the Mission of the Immaculate Virgin for the Protection of the Homeless and Destitute Children and others to compel specific performance of an agreement of a decedent to leave plaintiff, a widow, all of his property. Judgment for defendants.

George B. Morris, for plaintiff.

Lewis S. Goebel, for defendant executor.

William J. Fanning, for defendant Mission of Immaculate Virgin.

George S. Daniels and B. P. Ryan, for defendants Jones, McGarrick, and Covington.

STECKLER, J. In this action the plaintiff, the widow of John P. Conlon, deceased, asks the court to decree the specific performance of an oral contract alleged to have been made by her with the decedent, by the terms of which agreement the husband, in consideration of plaintiff's services and certain sums of money alleged to have been received from her, promised to leave her all the property of which he might die seised or possessed. The decedent made no provision for the plaintiff by his will, which was executed prior to his marriage to her. On the trial the plaintiff produced several witnesses, whose evidence tended to show either that the decedent had provided for the plaintiff according to the terms of the alleged agreement, or an intention on his part to so provide for her, and also that the decedent, as a consideration for his alleged promise, received $8,500 from the plaintiff.

In a case of this character "the ordinary rules which govern in actions to compel the specific performance of contracts, and which furnish reasonable safeguards against fraud, should be rigidly applied. These rules require that the contract be certain and definite in all its parts; that it be mutual, and founded upon an adequate consideration; and that it be established by the clearest and most convincing evidence. Even then, when the contract limits a man's right to dispose of his property by will, it is regarded with suspicion, and enforced only when it is apparent that the hand of equity is required to prevent a fraud upon the promisee." Gall v. Gall, 64

Hun, at page 603, 19 N. Y. Supp. 333. Tested by these rules, the plaintiff's case is fatally defective.

The proof rests entirely on the husband's declarations, and the testimony of plaintiff's witnesses is contradictory and improbable. So that, instead of the agreement being established by the "clearest and most convincing evidence," the testimony adduced in support of the case is unreliable. See Crouse v. Frothingham, 97 N. Y. 105; Winne v. Winne, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647.

Even if it were otherwise, there could be no recovery herein. Nearly all of the decedent's property was real estate, and since the death of the defendant executor Dwyer plaintiff has waived any claim she might have to the small amount of personal property. It appears to be well settled that equity will not decree specific performance of an oral contract to convey or devise real property, such agreement being void under the statute of frauds, even where all of the purchase price has been paid, or, where ordinary personal services constitute the consideration, when such services have been rendered. The payment of the price or the rendition of the services does not constitute such performance on the part of the vendee·or promisee as to take the agreement out of the operation of the statute. The recovery of the purchase price of the property is deemed a full indemnity to the party by whom the money was paid, and, as the money value of the services is readily ascertainable, such value is recoverable in an action at law. Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91; Cooley v. Lobdell, 153 N. Y. 596, 47 N. E. 783. The plaintiff was never in possession of the real property in question, and her void contract gives her no standing in this suit for specific performance, the estate being abundantly solvent.

Without considering the further question whether this suit is barred by the prior actions for dower and for a construction of the will of the decedent (Jordan v. Van Epps, 85 N. Y. 427), it follows that there must be judgment for the defendants.

Judgment for defendants.