## STRAUSS v. THOMAN.

### (Supreme Court, Appellate Term. July 7, 1908.)

**1. ASSOCIATIONS—ACTIONS.**

No action can be brought under Code Civ. Proc. § 1919, authorizing the maintenance of an action against the president or treasurer of an unincorporated association on a cause of action maintainable against all the associates, unless the debt on which plaintiff seeks to recover is one for which the associates are liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Associations, § 38.]

**2. SAME—RIGHTS OF MEMBERS—CONSTITUTION AND BY-LAWS.**

The constitution and by-laws of a voluntary association constitute a contract between the members of the association.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Associations, § 4.]

**3. BENEFICIAL ASSOCIATIONS—SICK BENEFITS—ACTION—PARTIES.**

The by-laws of an unincorporated association, provided for the payment of sick benefits to its members, declared that on the reduction of the fund to a specified sum an assessment should be levied by a two-thirds vote of the members, and that a member failing to pay an assessment should be expelled. *Held*, that the members of the association bound themselves for the payments of the benefits, and in the absence of a showing to the contrary it would be presumed that the association was in a position to pay without levying assessments, so that a claim for sick benefits was one for which all the members were liable, entitling the claimant to enforce her claim by suing the treasurer.

**4. SAME.**

The by-laws of an unincorporated association, providing for the payment of sick benefits to its members and for the levying of assessments, declared that a member failing to pay an assessment should be expelled. A member sought to recover sick benefits, which expired on a designated date. A notice of the expulsion of the member was given at a subsequent date. *Held*, that the member's right to recover could not be defeated on the ground that she had been expelled from the association.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Josephine Strauss against Margaret Thoman, as treasurer of Greater New York Lodge, No. 138, Ladies' Auxiliary to the Brotherhood of Railroad Trainmen. From a judgment of dismissal at the close of plaintiff's case, she appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

M. Strassman, for appellant.
James A. Delehanty, for respondent.

SEABURY, J. The plaintiff was a member of the Ladies' Auxiliary to the Brotherhood of Railroad Trainmen, which is an unincorporated association. The object of the association is set forth in the preamble of the constitution of the Grand Lodge, of which the defendant is a subordinate lodge, and is as follows:

"To unite the families of the Brotherhood of Railroad Trainmen, to promote their welfare socially, morally, and intellectually, and to encourage them in all things pertaining to the good of the Brotherhood, this auxiliary has been

organized. Convinced that it is for the good of the Brotherhood in general, and our own welfare, that a mutual good feeling should at all times exist between both organizations, it shall be our constant aim and endeavor to create and maintain the same. Such are the aims and intentions of the Ladies' Auxiliary to the Brotherhood of Railroad Trainmen."

The constitution of the Grand Lodge empowers it to "adopt laws and regulations of general application for the government of the auxiliary." Under the constitution of the subordinate lodges, promulgated by the Grand Lodge, it is provided that the subordinate lodge "has exclusive jurisdiction over all members of the auxiliary residing within its jurisdiction on all subjects pertaining to the auxiliary." The plaintiff seeks to recover in this action a sum claimed to be due her as sick benefits under the by-laws of the defendant association. The provisions of the by-laws and the constitution of the subordinate lodge, which are material upon this appeal, are as follows: Rule 13 of the by-laws provides:

"Any member, being sick or disabled, who has complied with these by-laws, upon presentation to the lodge of a doctor's certificate, duly signed by the board of relief, shall after the first seven (7) days receive two (2) dollars for the first week and three (3) dollars thereafter for a period of twelve weeks; but in no case shall a member receive more than thirteen weeks' sick benefits in one year, unless otherwise ordered by a two-thirds vote of all members present at a regular meeting, it being understood that no benefits will be paid for a fractional part of a week and that she shall furnish a doctor's certificate at each succeeding meeting."

Rule 15 of the by-laws provides:

"Should sick benefits or other expenses reduce the funds of this lodge to one hundred (100) dollars, the board of finance shall report the same at the next regular meeting. The lodge shall then issue an assessment in accordance to section 32, Constitution of Subordinate Lodges, which shall not exceed twenty-five cents per member."

Section 32 of the Constitution of the Subordinate Lodges provides:

"All assessments levied by this lodge shall be made by a two-thirds vote of all members present at a regular meeting. All members shall be duly notified of such assessments by the treasurer, and upon failure or refusal to pay the same within the time specified shall be expelled."

It was admitted upon the trial that up to December 16, 1907, the plaintiff was a member in good standing of the defendant association. The plaintiff offered evidence to show that that she was sick for 13 weeks after that date and that she had complied with the provisions of the defendant's by-laws requiring the filing of a physician's certificate, and claims the right to recover the sum of $25. The court below granted the motion to dismiss the complaint at the close of the plaintiff's case.

We do not question the correctness of the rule that no action can be brought under section 1919 of the Code of Civil Procedure, unless the debt upon which the plaintiff seeks to recover is one for which the members of the association are liable. McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204. The question, however, which is now to be determined, relates to whether the members of the defendant are liable to the plaintiff for the amount for which she sues. The constitution and by-laws of a voluntary association constitute a contract between the members of the association. In determining wheth-

er the defendant is liable to the plaintiff, we must look to the terms of the contract; i. e., the constitution and by-laws. Rule 13 of the by-laws provides for the amount to be paid to sick or disabled members, and rule 15 designates the fund out of which the benefits are to be paid, and provides that, if the fund shall be reduced to $100, an assessment shall be issued in accordance with section 32 of the constitution of the subordinate lodge. I think it is clear that the members of the defendant association are liable for the benefits provided for in rule 13 of the by-laws. If the benefit fund referred to in rule 15 is not reduced to $100, the obligation of the members to pay is unqualified and absolute. If the benefit fund is reduced to $100, the liability of each member is conditional upon the restoration of the fund in the manner prescribed by section 32 of the constitution of the subordinate lodge.

It is significant that section 32 of the constitution of the subordinate lodge requires that assessments, such as those referred to in rule 15 of the by-laws, can only be levied by a two-thirds vote of the members, that notice of the assessment shall be given to all members, and that the assessment must be paid or the nonpaying member expelled. Thus no member could maintain his membership in the association if he was in default in the payment of such an assessment. As long as one continued membership in the association, the assessment contemplated by section 32 was to be paid. If the assessment was paid, the fund referred to in rule 15 would be adequate to meet the plaintiff's claim. All of these sections, when read together, reveal to my mind a clear purpose and intent on the part of the members of the defendant association to bind themselves, in the manner therein provided, for the payment of the benefits to members contracted for in rule 13. If the fund referred to in rule 15 was not reduced to $100, then the defendant was unquestionably liable to the plaintiff for the amount she claims. It was for the very purpose of paying just such claims as that of the plaintiff that the fund referred to in rule 15 was created by all the members of the defendant association. It may be that the defendant could defend successfully against such a claim as that which the plaintiff makes on the ground that the fund referred to in rule 15 had been reduced to $100 and that no assessment to restore it had been levied in the manner provided by section 32 of the constitution of the subordinate lodge. If the defendant desired to avail itself of this defense, it was necessary to plead and prove it. It did neither. In the absence of any evidence as to whether the defendant association was in a position to pay the obligation contracted for with the members under rule 13, the presumption is that it was able to pay.

The payment of benefits to members, in case of sickness or disability, is one of the principal means by which this association subserves the object of its existence. It is difficult to see how the members of this association could have set forth more clearly their liability to its members for such benefits than by the distinct promise to pay them which is contained in rule 13. In the constitution and by-laws they agree to pay in the event of the fund referred to in rule 15 being sufficient—i. e., above $100; and, in the event of the fund being insufficient, they prescribe a method of increasing the fund by imposing by a two-thirds vote of the members a small assessment upon each

member, the payment of which is necessary to the continuance of membership in the association. These provisions, in my judgment, are indicative of the fact that those associated in this unincorporated organization bound themselves to pay that which by their laws and rules they agreed to pay in the manner therein prescribed. To hold to the contrary is to declare the benefit provisions, which constitute one of the chief inducements to membership in such an association, to be of no legal effect whatever and unenforceable. Those provisions were intended for a purpose, and the right to enjoy the benefits secured under them constituted a valuable attribute of membership in the association.

The association, though unincorporated, was not so far "voluntary" that its members could not enforce by legal means its promises to pay. This is not a case where, to sustain the liability of the defendant, it is necessary to invoke the principle of partnership, or to determine as to the authority of agents of an unincorporated association to contract on behalf of its members. This case rests upon the more secure foundation of a clear and unambiguous contract, expressed in the constitution and by-laws of the association, and made directly by those whom it is now sought to charge upon it.

The defendant insists that, as the plaintiff has been expelled from the defendant association, she should not be permitted to recover. The record before us, however, shows that the period for which she seeks to recover sick benefits expired March 15, 1908 and that no notice was given to the plaintiff of her expulsion until April 2, 1908. Upon the proof before the court below, it was not justified in dismissing the complaint at the close of the plaintiff's case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, with leave to respondent to appeal to the Appellate Division, First Department.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). The plaintiff appeals from a judgment herein in favor of the defendant, but presses only the first cause to recover for sick benefits to which she claims she is entitled. The plaintiff brings her action under section 1919 of the Code of Civil Procedure against the treasurer of the defendant unincorporated association; but, notwithstanding it is stated in Boyd v. Gernant, 82 App. Div. 456, 81 N. Y. Supp. 835, that such an action may be maintained, the Court of Appeals has said:

"The plaintiff cannot in any case maintain such an action against the officer, unless the debt which he seeks to recover is one upon which he could maintain an action against all the associates by reason of their liability therefor, either jointly or severally. This, therefore, is the test to be applied." McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204.

Reference to the constitution and by-laws of the defendant, while providing for the payments of fees, dues, and assessments by its members and sick benefits to those upon certain conditions entitled thereto, fails to disclose or to indicate any intention on the part of the associates to become personally bound. If all of the associates had paid

all dues owing at the time of the institution of this action, certainly it may not be maintained that the plaintiff would have a cause of action against them for sick benefits, not even if the treasury were empty, because the by-laws (rule 15) provide the manner in which the funds of the lodge shall be increased, should sick benefits or other expenses reduce the funds to one hundred dollars. We may say, as said by the court of last resort in McCabe v. Goodfellow, 133 N. Y. at page 94, 30 N. E., at page 729, 17 L. R. A. 204:

"We fail to discover anything in the organization of this association, or in its constitution or professed objects, or in the methods which it adopted for the conduct of its affairs, which indicates an intention on the part of these members to become personally bound."

The plaintiff, failing to establish the liability of her associates to pay her claim, or that her claim rests upon the faith of an agency, express or implied, whereby her associates pledged their personal credit for its payment, is not entitled to recover against the defendant as treasurer of the lodge. Lightbourn v. Walsh, 97 App. Div. 187, 89 N. Y. Supp. 856. The judgment should therefore be affirmed, with costs of this appeal. Code Civ. Proc. § 466; Hayden v. Hayden, 8 App. Div. 547, 549, 40 N. Y. Supp. 865.

The judgment should be affirmed, with costs.