# MEMORANDA

BERTHA HAUSNER, Plaintiff, *v.* NORA E. WICKHAM,
Individually and as Sole Executrix of the Last Will
and Testament of Myron Wickham, Deceased,
Defendant.*

(Supreme Court, Schuyler Trial and Special Term, December, 1917.)

*Specific performance — oral contract to devise — should be estab-
lished by satisfactory proof — enforced if based on good
consideration.*

ACTION for specific performance of a contract.

Lewis E. Mosher, for plaintiff.

Bertrand W. Nye, for defendant.

DAVIS, J.   This action is brought to obtain specific
performance of an alleged agreement by Myron Wick-
ham to make a will devising an undivided one-half
interest in a farm to the plaintiff.   This agreement,
it was claimed, was entered into with his father,
George C. Wickham, at a time when the latter (then
being the owner of the farm) was proposing to make
a will giving one-half of the farm to the plaintiff.
The rule is well established by the highest judicial
authority that " Such contracts should be in writing,
and the writing should be produced, or, if ever based

---

*Affirmed by the Appellate Division, Third Department, Novem-
ber 22, 1918.—[REPR.

upon parol evidence, it should be given or corroborated in all substantial particulars by disinterested witnesses. Unless they are established clearly by satisfactory proofs and are equitable, specific performance should not be decreed." *Hamlin* v. *Stevens,* 177 N. Y. 39, 50. See, also, *Mahaney* v. *Carr,* 175 N. Y. 454; *Rosseau* v. *Rouss,* 180 id. 116; *Taylor* v. *Higgs,* 202 id. 65.

The *Hamlin* case, the *Rosseau* case and the *Mahaney* case were cases where a child, not legally adopted and not legally entitled to share in the estate, was seeking to enforce a contract alleged to have been entered into by the decedent prior to his death, to pay or devise some substantial sum or interest in his estate to a person not his kin to the detriment of those who would otherwise be entitled to his property. In the *Taylor* case, the sons by a former marriage claimed that by threatening to contest their father's will, they obtained an agreement from the widow to leave them on her decease all the property she had received from her husband, in consideration of their allowing the will to go to probate.

In this case the plaintiff was the granddaughter of George C. Wickham and the daughter of Myron Wickham, the two parties to the agreement. The second wife of Myron Wickham was then living. The defendant is a third wife, married to Myron Wickham some time subsequent to the alleged contract. She now holds the property by virtue of a conveyance to her and her husband (now deceased) as tenants by the entirety.

The testimony of the witnesses is not in all respects entirely clear and definite, owing in part, no doubt, to the lapse of time since the transaction occurred and partly to their lack of business experience and their unfamiliarity with courts and the rules of evidence. In giving their testimony, the witnesses could not

always discriminate between facts and their own conclusions. But I was impressed with their sincerity, and I make due allowance for the obvious fact that they were simple people and unaccustomed to court procedure. Therefore, I deem it sufficiently well established from the evidence, that I may find in 1900 when George C. Wickham was ill at home, he desired to make his will and for that purpose sent for his brother, Fayette Wickham, to draw the will; and that the latter having been with Myron Wickham to the village of Montour Falls to obtain blanks and having prepared to draw the instrument, George C. Wickham announced that he proposed to give his granddaughter Bertha, who had always lived with him, $500 and an undivided one-half interest in his real estate, subject to the life tenancy of Myron Wickham. That thereupon an objection was made by Delphine Burrell, the daughter of George .C. Wickham, who was present, that the $500 should come out of Myron's share; and Myron rather roughly threatened to contest the will, and finally agreed that if his father would will the property direct to him that he would, by will, devise it to his daughter Bertha, the plaintiff.

There is nothing unusual or unconscionable about such an agreement, nor do the facts cast doubt or suspicion upon its probability. Apparently Myron was a man whose habits and conduct caused his father to have some fears as to his improvidence. The plaintiff was Myron's only child and heir, and to make an agreement in her favor was not diverting the estate from its legitimate channels.

The right to specific performance of a contract rests in judicial discretion. To authorize a court of equity to exercise its jurisdiction, the contract must be reasonably certain as to its subject matter, its stipulations, its purposes, its parties and the circumstances under which it was made; and the agreement must be fair

47

and just and its enforcement equitable. *Winne* v. *Winne,* 166 N. Y. 263.

It seems to me that the plaintiff has met these conditions as well as is ordinarily possible in a case of this kind.

In Pomeroy's Equity Jurisprudence, section 746, it is said: "A contract to devise land, though looked upon with some disfavor as a non-testamentary method of disposition of property at death, and consequently not subject to the statute of wills, will yet be in effect enforced by equity when the contract is clear, definite and without doubt. It is obvious that equity cannot compel direct specific performance of the contract to devise land by ordering the promisor to make the devise before his death, as performance is not due until after the time of death. But equity will do what is equivalent to giving specific performance, by fastening a trust upon the land, in the heir or devisee, and enforcing conveyance by the representative holding the legal title in favor of the purchaser under the contract to devise."

It has always been the law in this state that an agreement on good consideration and without fraud or undue influence, to devise land, is valid and will be enforced by compelling a conveyance from heirs of the promisor or purchasers with notice from him in his lifetime. *Parsell* v. *Stryker,* 41 N. Y. 480; *Middleworth* v. *Ordway,* 191 id. 404.

I am satisfied from the evidence that such an agreement as the plaintiff claims, was in fact made, and that the defendant had knowledge of it before she received the conveyance, without consideration, as tenant by the entirety with her husband, Myron Wickham. The plaintiff may have judgment for specific performance on findings, with costs.

Judgment for plaintiff, with costs.