MITZI WEINBERGER, Guardian ad Litem of LEON WEINBERGER, an Infant, Respondent, v. LOUIS VAN HESSEN, Also Known as " LOUIS COHEN," Appellant.*

First Department, June 17, 1932.

* Affd., 260 N. Y. 294.

*Jacob J. Alexander* of counsel [*Alexander & Schwach*, attorneys], for the appellant.

*Abraham Reiss*, for the respondent.

O'MALLEY, J.   The plaintiff, an infant under fourteen years of age, seeks through his mother, as guardian *ad litem*, a decree in equity determining his rights under an alleged contract set forth in the complaint.   By the agreement as alleged the defendant, at a time when the infant plaintiff resided in Holland, and was being supported and educated by one Dr. Weinberg, a brother of the infant's mother, agreed with the infant's mother that if she would bring the infant to this country, the defendant would support him for his natural life, provided the defendant was permitted to direct his education and control his religious and moral up-bringing. In compliance with this agreement, the infant's mother brought him to this country.   Thereafter he received instructions from the defendant as to his religious training and education and the defendant was given sole control of his mental development.   The defendant contributed to the support, education and maintenance of the infant at the rate of $6,000 a year, but since September 15, 1931, has failed and refused to perform the terms of the agreement.   The infant and his mother have duly performed all the terms and conditions of said agreement on their part and are ready, able and willing to perform the same.

It is alleged that there exists no adequate remedy at law and judgment is requested that the court fix and determine the reasonable amount necessary for infant's maintenance and support, with directions that such sum be payable to him for his natural life in such installments as may be fair and reasonable, together

with a judgment for such moneys as have already accrued under the agreement.

Reversal of the order sustaining the complaint is sought upon the ground that the plaintiff has shown no right to relief either at law or in equity. We are of opinion that a good cause of action is stated.

The contract here sued upon relates not only to the support of an infant, but to his religious and moral education and training; in effect, his nurture. Infants and their personal and property rights have always been the particular subject of the Courts of Chancery. (14 R. C. L. 267, Infants, § 42; 14 A. L. R. 308 *et seq.;* The Laws of England, Halsbury, vol. 17, Infants and Children, § 4, pp. 145 *et seq.*) The Supreme Court has succeeded to the jurisdiction of the Court of Chancery over the person and estate of infants. (*Bernstein* v. *Bernstein,* 188 App. Div. 276, 278.) Both the person and property of an infant, the particular ward of the court, are here involved. As the reasonableness of payments, not only for the past, but for the future, and the methods of such payment are called into question, equity is properly invoked. We are of opinion, therefore, that the cause of action here pleaded is cognizable in equity and that the plaintiff should not be relegated to an action at law. (*Winne* v. *Winne,* 166 N. Y. 263; *Healy* v. *Healy,* Id. 624.)

The order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.

FINCH, P. J., McAVOY and MARTIN, JJ., concur; TOWNLEY, J., dissents and votes to reverse and grant the motion.

TOWNLEY, J. (dissenting). The plaintiff on behalf of her infant son sues to enforce an agreement which is pleaded as follows: " That on or about the 3rd day of September, 1929, the defendant, for the purpose of inducing the said infant's mother, the aforesaid Mitzi Weinberger, to procure the removal of the said infant from Holland to the City of New York, entered into the following agreement with the said Mitzi Weinberger: The defendant stated and represented to the said Mitzi Weinberger that if she would leave the State of New York, travel to her aforesaid brother, and induce her said brother to surrender the custody of the said infant and return to the State of New York with the said infant, and permit the defendant, upon said return, and thereafter during the natural life of the said infant, to direct the education of the said infant, and permit the defendant to control the religious and moral upbringing

of the said infant, then he, the defendant, would, from the time of the return of the said infant to the State of New York and during his natural life, support the said infant, and direct his religious and moral education and training; that the above Mitzi Weinberger, under and pursuant to the terms of the said agreement, and in reliance upon the aforesaid promises of the defendant, also agreed to permit the defendant access to the said infant at all times, so that the defendant could enjoy the companionship and society of the said infant."

It is thereafter alleged that the child was brought to this country and placed in the care of the defendant; that the plaintiff received instructions from the defendant as to the religious training to be given to the infant and as to his education and training, and that the defendant had the companionship and society of the infant and solely controlled his mental development. Defendant contributed up to the 15th day of September, 1931, some $6,000. It is then alleged that since that date the defendant has refused to perform any of the terms of the agreement. It is alleged that plaintiff has no adequate remedy at law. The demand for judgment is (1) that the court fix and determine the reasonable amount necessary for the maintenance and support of the infant plaintiff and decree that the sum be payable to him for the term of his natural life in such installments as may be fair and reasonable, and (2) that the plaintiff have judgment for the moneys that have accrued under the agreement herein.

In view of the nature of the demand, this action must be taken as one for specific performance of a contract not in writing for the life support of the infant. At first glance, it would seem that there was an adequate remedy at law for the breach of a contract of this sort. Assuming that the defendant made the agreement and repudiated it, the amount of damages could be properly assessed by a jury.

The majority of the court, however, support the affirmance of the order by citing *Winne* v. *Winne* (166 N. Y. 263) and *Healy* v. *Healy* (Id. 624). The *Healy* case was decided on the authority of the opinion in the *Winne* case. In the *Winne* case the court found that a written agreement had been made by a childless person with plaintiff's mother for his benefit to the effect that the former would maintain plaintiff, who at the time was an infant, as her own child and at her death give him all her property and make him her sole heir, if his mother would surrender to her his custody and control and would have nothing more to do with him. The mother did give up the child. The child lived with the deceased until his majority, took her name, performed the duties of a faithful son, and

continued friendly with the decedent until she died intestate. The court said: "While we are of the opinion that specific performance of this contract was properly awarded, this decision is based solely upon the findings of the trial court, and the particular facts and circumstances of this case. Yet, it must not be regarded as an authority for maintaining such an action under different circumstances or upon other proof, as the granting or denial of such relief always rests in the sound discretion of the court, and should be denied unless the agreement is fair and just and its enforcement equitable" (p. 273).

The Court of Appeals has several times cited *Winne* v. *Winne* (*supra*). (See *Brantingham* v. *Huff*, 174 N. Y. 53, 61; *Mahaney* v. *Carr*, 175 id. 454, 460; *Holt* v. *Tuite*, 188 id. 17, 25.) In each case the citation has been made for the purpose of distinguishing the *Winne* case from whatever case the Court of Appeals was then dealing with. In *Mahaney* v. *Carr* (*supra*) the court, by O'BRIEN, J., having again limited the application of *Winne* v. *Winne* to its particular facts, discussed the alleged contract then being litigated as follows: "Was it a contract between a child five years old and her grandfather, or between the latter and his son-in-law, the father of the child? How could the father bind the child by a verbal arrangement to transfer her care and custody to another? If this was a contract it certainly was not a mutual one, binding the child and her father as well as the grandfather. The father and the child could at any time repudiate it and the grandfather had no remedy. Suppose that the father and child refused to carry out the contract, so called, could the grandfather have specific performance? * * * In order to justify a court of equity to decree specific performance there must be a contract which in general is mutual in its obligations and its remedy, reasonably certain as to its subject-matter, its stipulations, its purposes, its parties, and the circumstances under which it is made. (*Stokes* v. *Stokes*, 148 N. Y. 708; Pomeroy's Eq. Juris. § 1405.) Whatever the transaction described in the finding in this case may be called, or however classified, it would seem to be clear that it does not possess all or any of the qualities required in order to sustain the judgment."

The contract pleaded in the case before us is subject to all the criticisms made in the above citation. The agreement could in no sense be binding on the child and could not be binding on the mother. Both child and mother could repudiate the agreement at any time and the defendant would have no remedy. Clearly, the defendant could not have specific performance. The agreement as pleaded, therefore, lacks mutuality. Specific performance of the contract would not be justified under the decisions.

Assuming, however, but not deciding that the contract as pleaded is cognizable at law, there is an adequate remedy in damages.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.