Bernard Newman, J.
Defendant moves, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the amended complaint on the ground of legal insufficiency.
The three infant plaintiffs are children of the guardian ad litem, by a former marriage. The complaint alleges that some time before the marriage of the defendant and the guardian, that Seymour Wasserman (the guardian’s then husband and the *917 natural father of the infant plaintiffs) agreed in writing with the guardian, by a separation agreement and trust indenture, to provide for their children (the infant plaintiffs herein). Continuing, the complaint alleges that, in consideration of the guardian’s marriage to defendant and of the infant plaintiffs’ agreement to forsake any support, maintenance and education benefits from their natural father, and their acceptance of defendant “in propria patria and as their father,” defendant offered to adopt them; to create a trust of $1,000,000 for each of the infant plaintiffs; to support, maintain and educate them; and to provide suitably for them in his will.
Further, it is alleged that in reliance upon defendant’s representations of ‘1 great wealth ’ ’ and his offer, as above set forth, the infant plaintiffs became estranged from their natural father; refused to accept moneys from him for their support, refused to permit him to visit them; and have accepted and treated this defendant as their father in their natural father’s place and stead.
As a result of defendant’s asserted failure to support them or to create or maintain a trust and a provision in his will for their benefit, the infant plaintiffs seek $1,000,000 as exemplary damages; $3,000,000 as compensatory damages; and accruing damages at the rate of $1,000 a week for the breach of the alleged “agreement” of support.
In the court’s opinion, this action as pleaded in the amended complaint, may not be maintained as a matter of law. The consideration for the alleged agreement sued upon is illegal, unenforcible and contrary to public policy and morale in that such contract, in effect, tends to support a claim for alienation of affections outlawed by article 2-A of the Civil Practice Act.
No person may maintain an action to enforce any right based upon an agreement to marry and a subsequent breach thereof. The applicable statute may not be circumvented merely by instituting this action in the names of the infant children, rather than in the name of the guardian individually (Katz v. Katz, 197 Misc. 412). The infant plaintiffs here, at best, are in the position of third-party beneficiaries, and possess no greater right to enforce the alleged contract than the actual parties thereto.
Moreover, a court of equity, in the absence of most compelling and unusual circumstances, should not lend its aid to encourage or enforce an agreement which seeks to have infant children forsake, refuse to see or visit, and become completely estranged from their own natural father, who had expressed his willingness to care for and educate them properly.
*918 For the most part, the authorities relied upon by plaintiffs are inapplicable, as the matters arose prior to the enactment of the statute abolishing suits for alienation of affections. Burger v. Neumann (275 App. Div. 710, affd. 300 N. Y. 495) is not relevant, for there was no marriage involved or a promise to marry.
Interestingly, in Winne v. Winne (166 N. Y. 263) an action for specific performance of an agreement to make an adopted child an heir was sustained. Quoting the court’s language (p. 266): “ By the terms of the agreement as thus proved, Mrs. Winne was to have, and the mother of the plaintiff was to surrender to her, the custody and control of the plaintiff; Mrs. Winne was to keep and maintain him as her own child, and at her death give him all her property and make him her sole heir, and his mother was to have nothing more to do with him.” However, no third person, stranger to the agreement, was involved therein. Moreover, the Court of Appeals emphasized (p. 273): “ While we are of the opinion that specific performance of this contract was properly awarded, this decision is based solely upon the findings of the trial court, and the particular facts and circumstances of this ease. Yet, it must not be regarded as an authority for maintaining such an action under different circumstances or upon other proof, as the granting or denial of such relief always rests in the sound discretion of the court, and should be denied unless the agreement is fair and just and its enforcement equitable.” Here, if the infant plaintiffs endeavor to rely on promises purportedly made by them on considerations based on the promise of their mother to marry the defendant, then they are confronted by article 2-A of the Civil Practice Act and by Katz v. Katz (supra).
Accordingly the motion to dismiss the complaint is granted, with leave to plaintiffs to serve an amended complaint within 20 days after service of a copy of this order, with notice of entry.